**DORRELL RE-INSULATION SYSTEMS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. WD 32027.

Missouri Court of Appeals, Western District.

Sept. 15, 1981.

---

Robert W. Meglemre, Kansas City (Local Counsel), Rosenwald, Jacob, Bressel, Jacob & Meglemre, Kansas City, and Howard L. Lyden, Barnett & Lerner, Chartered, Overland Park, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., SOMERVILLE, C. J., and SHANGLER, J.

SHANGLER, Judge.

The taxpayer Re-Insulation Systems, Inc. was assessed a use tax by the Director of Revenue and appealed that order to the Administrative Hearing Commission under the procedure of § 161.273, RSMo 1978. That administrative tribunal affirmed the tax assessment on June 6, 1980. The taxpayer within thirty days of notice of that decision lodged a petition for judicial review with the circuit court of Cole County. The jurisdiction for judicial review of a final decision of the Administrative Hearing Commission on administrative review of the Director of Revenue, however, is vested in the court of appeals under the procedure of § 161.337, recently enacted. The Director of Revenue moved dismissal of the petition for judicial review in the circuit court for want of jurisdiction. On August 6, 1980, the taxpayer moved in the court of appeals for an order to appeal out of time. On August 15, 1980, our special order issued under Rule 81.07, and on August 22, 1980, the taxpayer filed a petition for review with this court under that dispensation. Our rule for special appeal, however, was without prejudice to a plenary examination of our jurisdiction by briefs and arguments.

We determine that the petition for review by the taxpayer to this court was untimely and that we are without power to adjudicate the subject-matter of appeal.

An appeal from the final decision of the Administrative Hearing Commission in review of an assessment of the Director of Revenue comes directly to the court of appeals under § 161.337:

> Final decisions of the administrative hearing commission in cases arising under the provisions of ... section 161.273,[1] shall be subject to review pursuant to *a petition for review to be filed in the court of appeals* in the district in which the hearing, or any part thereof, is held or, where constitutionally required or ordered by transfer, to the supreme court, and by delivery of copies of the petition to each party of record, *within thirty days after the mailing or delivery of the final decision* and notice thereof in such a case. *Review under this section shall be exclusive,* and decisions of the administrative hearing commission reviewable under this section shall not be reviewable in any other proceeding .... [emphasis added]

In express terms, that enactment constitutes the court of appeals the *exclusive* forum for review of a final decision of the Administrative Hearing Commission on an assessment by the Director of Revenue, and engages judicial review of that subject matter only by a petition filed *in the court of appeals within thirty days of notice* of that administrative determination.

In the normal course of appeal from a *judgment,* Rule 87.07[2] enables the court of appeals to enter a special order to permit a late notice of appeal, where the neglect was not culpable. The taxpayer, however, appeals from a *final decision of an administrative tribunal* and not from a final judgment of a trial court. There is no intimation in Rule 81.07 to encompass a *final decision of an administrative tribunal* within a *final judgment of a trial court,* nor in § 161.337 that the decision of the Administrative Hearing Commission shall have the efficacy of a judicial judgment.

■ There is yet other impediment to validate an otherwise untimely appeal from a final administrative decision by Rule 81.-07: The rules of civil procedure have no function in a proceeding still administrative. *Cardinal Glennon Memorial Hospital Coffee Shop v. Director of Revenue,* 624 S.W.2d 115 (Mo.App.1981); *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 6 (Mo. banc 1980). The rules of civil procedure by the very terms of promulgation apply only to civil actions in judicial courts. Rule 41.-01. A proceeding for judicial review of an administrative decision does not become a *civil action* so as to be entitled to the melioration of the civil rules of procedure until the appeal lodges *with the court and within the time prescribed* by the legislative act which enables the appeal. *Randles v. Schaffner,* 485 S.W.2d 1, 3 (Mo. 1972).

■ This merely applies the inclusive principle that the right to judicial review of an administrative decision is constitutionally based and so is exercised according to the constitutional direction—that is, "as may be provided by law." Mo.Const. Art. V, § 18, as amended. Thus, the procedure defined by a statute [or by rule in default of statute][3] for the judicial review of an administrative decision dictates an exclusive and mandatory remedy. *Lafayette Federal Savings and Loan Association of Greater*

---

1. Section 161.273 assigns orders, assessments and other determinations of the Director of Revenue to the administrative review authority of the Administrative Hearing Commission, and § 161.337 assigns the judicial review authority of that subject matter to the court of appeals.

2. Rule 81.07

   (a) Appeal by Special Order—Motion—Notice. Where an appeal is permitted by law from a *final judgment in the trial court,* but the time prescribed for filing the ordinary notice of appeal with the clerk of the trial court as set forth in Rule 81.04 has expired, a party may seek a special order of the appropriate appellate court permitting a late filing of the notice of appeal .... [emphasis added]

3. Mo.Const. Art. V, § 18, as amended.

*St. Louis v. Koontz,* 516 S.W.2d 502, 504[1–3] (Mo.App. 1974). Thus, where the law prescribes that the judicial review of an administrative decision be brought in a circuit court of a designated county, a petition for review lodged in the circuit court of a nondesignated county does not engage the jurisdiction of that court to adjudicate the subject matter. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820[1, 2] (Mo. App. 1980). The express § 161.337 directs that a final decision of the Administrative Hearing Commission in cases decided under § 161.273 [assessments of the Director of Revenue] "shall be subject to review pursuant to a petition for review to be filed in the court of appeals." That statute directs also: "Review under this section shall be exclusive." These authorities require our opinion that the taxpayer petition for judicial review of the final decision of the Administrative Hearing Commission under § 161.337 filed within the designated time [30 days] but to an undesignated court [the circuit court] does not validate that petition later filed to the designated court [court of appeals] but in a nondesignated time [some 60 days]. Nor do the rules of civil procedure apply to aid that lapse.[4]

The appeal is dismissed.

All concur.

---

4. The taxpayer does not contend for the effect of Mo.Const. Art. V, § 11, as amended. We notice that the text saves proceedings on appeal to the supreme court or court of appeals from a mistaken choice of appeals forum based upon subject matter jurisdiction. We give no opinion [and have no authority to construe] whether that section of constitution means to apply to judicial review of administrative proceedings in the court of appeals, and so, cognately, supersedes the limitations otherwise imposed on such proceedings by the texts of statutes. [See and compare: *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820[6, 7] (Mo. App. 1980).