**COLLINS & ASSOCIATES DIETARY CONSULTANTS, INC., Appellant,**

v.

**The LABOR AND INDUSTRIAL RELATIONS COMMISSION and Division of Employment Security, Respondents.**

**No. 68476.**

Supreme Court of Missouri, En Banc.

Feb. 17, 1987.

Duane Benton, Jefferson City, Kenneth A. Wagoner, West Plains, for appellant.

Susan P. Haag, Rick V. Morris, Alan J. Downs, Jefferson City, for respondents.

BILLINGS, Judge.

Plaintiff Collins & Associates Dietary Consultants, Inc., sought judicial review of a decision of the Labor and Industrial Relations Commission which denied plaintiff's application for review of a decision of an Appeals Tribunal of the Division of Employment Security. Plaintiff's petition for review was filed in the Circuit Court of Howell County but thereafter, on plaintiff's motion, was transferred to the Circuit Court of Cole County. Defendant's motion to dismiss the petition was granted. Plaintiff's appeal of this dismissal was originally lodged in the Missouri Court of Appeals, Western District, but after recommendation of that court, prior to opinion, the appeal was transferred here. Mo. Const. art. V, § 10. The sole question presented for review is whether an action for judicial review of an administrative decision which is filed in a circuit court in the wrong venue may be transferred by that court to the circuit court in the proper venue. This Court answers in the negative and affirms.

Judicial review of decisions of the Labor and Industrial Relations Commission may be secured by:

> ... commencing an action [within 10 days after the decision has become final] in the circuit court of the county of claimant's residence or, in respect to those matters not involving a claimant ..., the circuit court of Cole County....

§ 288.210, RSMo 1986. The procedure outlined in this statute is the exclusive means to obtain review of Commission decisions. *E.g., Lester E. Cox Medical Center v. Labor and Indus. Relations Comm'n*, 606 S.W.2d 427, 430 (Mo.App.1980). As plaintiff's underlying complaint involved the imposition and assessment of its contribution to the unemployment compensation fund, the complaint was not one involving a claimant and therefore the Circuit Court of Cole County was the only proper court in which plaintiff could seek review. *See Springfield Gen. Osteopathic Hosp. v. Industrial Comm'n*, 538 S.W.2d 364, 370 (Mo.App.1976).

Plaintiff erroneously filed its petition for review in the Circuit Court of Howell County. Realizing its mistake after having run out of time to file a new petition for review in the proper court, plaintiff moved to transfer venue of the case to Cole County. The Circuit Court of Howell County sustained this motion. Subsequently, the Circuit Court of Cole County dismissed the case on the ground that the case was improperly before the court because the Circuit Court of Howell County lacked jurisdiction to transfer venue.

Where a statute places the authority to judicially review an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction rather than venue is involved. A court which is not statutorily vested with review authority lacks subject matter jurisdiction. *Gaslight Real Estate Corp. v. Labor and Indus. Relations Comm'n*, 604

S.W.2d 818, 820 (Mo.App.1980). *See also, Warnecke v. State Tax Comm'n,* 340 S.W.2d 615, 618 (Mo.1960). Where a court has no subject matter jurisdiction, its proceedings are absolutely void. *E.g., Randles v. Schaffner,* 485 S.W.2d 1, 2 (Mo. 1972). The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause. *Gaslight Real Estate Corp.,* 604 S.W.2d at 820. *See also, Warnecke,* 340 S.W.2d at 619. Because § 288.210 vested the Circuit Court of Cole County with exclusive authority to review the administrative decision here at issue, the Circuit Court of Howell County lacked subject matter jurisdiction over this case and could take no action with respect to the case other than to dismiss it. The attempt of the Circuit Court of Howell County to transfer venue is void. Therefore, the Circuit Court of Cole County correctly determined that this case was improperly before it.

Plaintiff seeks to avert this conclusion by asserting that the reasoning behind the conclusion, while once correct, has been superseded by a 1976 amendment to the Missouri Constitution which added a second sentence to art. V, § 11. That section provides:

> Section 11. Want of jurisdiction, effect—transfers. In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction. An original action filed in a court lacking jurisdiction or venue shall be transferred to the appropriate court.

Relying on the second sentence of this constitutional provision, plaintiff contends that a circuit court is "a court" now authorized to transfer a case when it lacks jurisdiction.

 Words used in constitutional provisions must be viewed in context. *E.g., Buechner v. Bond,* 650 S.W.2d 611, 613 (Mo. banc 1983). The first sentence of § 11 provides for transfer of appeals to the appellate court having jurisdiction when the appeal is originally filed in a court lacking jurisdiction over the appeal. Section 11 itself is in the midst of a series of sections, §§ 2–13, which deal exclusively with the Supreme Court and the court of appeals. Viewing the second sentence of § 11 in this context, this Court concludes that the term "a court" in that sentence refers only to appellate courts. The "original action[s]" mentioned refer only to original actions which may be filed in the appellate courts, such as certain actions for original remedial writs. If it had been intended that the 1976 amendment to § 11 was to supplant prior law and grant circuit courts, or other trial courts, the authority to transfer cases over which they have no jurisdiction, the amendment would have been placed in §§ 14–17 or 23 which deal with the power and nature of trial courts, rather than in the middle of sections dealing exclusively with appellate courts.

The judgment of the Circuit Court of Cole County dismissing plaintiff's petition for review is affirmed.

All concur.