Oscar JOHNER, Jr., Appellant,

v.

LABOR & INDUSTRIAL RELATIONS COMMISSION, Hannelore D. Fischer, Robert L. Fowler, Lester L. Watkins, R. Johner, P. McKee, C. Novotny, R. Schwettman, M. Newkirk, and G. Johner, Respondents.

No. 58183.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Hollingsworth & Associates, Patricia A. Riehl, Hillsboro, for appellant.

Alan J. Downs, St. Louis, for Mo. Div. of Employment Sec.

Ronald F. Harris, Jefferson City, for Labor and Indus. Relations Com'n of Mo.

KAROHL, Judge.

Plaintiff, Oscar Johner, Jr., a foundation contractor d/b/a Johner Construction, appeals dismissal of his petition for judicial review filed on the authority of § 288.210 RSMo 1986. The petition challenged a decision of the Labor and Industrial Relations Commission (Commission) that certain individuals were plaintiff's employees for purposes of the Missouri Employment Security Law, particularly §§ 288.034 and 288.036 RSMo Cum.Supp.1990. The dispute originated within the Division of Employment Security when a deputy administratively determined that subsequent to January 1, 1985, certain named individuals and others similarly engaged with them performed services for "wages" in "employment" by plaintiff. The deputy rejected plaintiff's position that these individuals were independent contractors. The decision of the Commission would require plaintiff to pay appropriate taxes because of an employer-employee relationship.

The petition for review was originally filed in Jefferson County, Missouri, against the Commission and the members of the Commission. An amended petition named six individuals as additional defendants and alleged they "were found to be by the Labor and Industrial Relations Commission to be claimants and employees of the Petitioner, Oscar Johner, Jr. by virtue of an opinion rendered on the 14th day of September, 1988." The decision of the Commission rendered on September 14, 1988, merely affirmed the decision of the Appeals Tribunal which had affirmed the decision of the deputy. The Commission adopted the decision of the Appeals Tribunal as its own. The defendants, who were added in the amended petition, were not claimants before the Commission and the Commission did not find otherwise.

The Commission filed a special entry of appearance and motion to dismiss the petition for lack of jurisdiction. The motion was based upon the ground exclusive jurisdiction for the petition lies in the Circuit Court of Cole County. Section 288.210 RSMo 1986.

Section 288.210 authorizes judicial review for two species of decisions of the Commission wherein the Division is to be a party. Where the underlying complaint involves the imposition, assessment and collection of tax contributions to the unemployment compensation fund, the statute vests the Circuit Court of Cole County with exclusive authority to review the decision. *Collins and Assoc. Dietary Consultants, Inc. v. Labor and Indus. Relations Comm'n*, 724 S.W.2d 243, 244 (Mo. banc 1987). Where the underlying complaint involves a claimant's eligibility to receive benefits, the statute vests jurisdiction for review in the circuit court of the county of claimant's residence. *Springfield Gen. Osteopathic Hosp. v. Indus. Comm'n*, 538 S.W.2d 364, 370 (Mo.App.1976). When a plaintiff who seeks review of a decision involving imposition of unemployment tax erroneously files its petition for review in a court other than the Circuit Court in Cole County, that circuit court lacks subject matter jurisdiction over the cause and can take no action other than to dismiss the petition. *Collins*, 724 S.W.2d at 245.

Before the trial court plaintiff contended the added defendants, whether independent contractors or employees, were claimants.

As a result plaintiff contends § 288.210 authorizes a filing in Jefferson County where plaintiff has a place of business and one or more claimants are employed. In the alternative, plaintiff requested the court to transfer the case to Cole County on the authority of Rule 51.14.

During oral arguments plaintiff abandoned the contention Jefferson County was a proper venue. Plaintiff's sole claim on appeal is the court erred in sustaining the motion to dismiss because "the trial court should have transferred the cause of action to Cole County, Missouri instead of dismissing it in that Section 476.410 of the Revised Statutes of the State of Missouri, Cum.Supp.1989" and a provision of the Missouri Constitution provide "transfer of the cause is the appropriate remedy for an improperly-venued cause of action." The Commission contends the dismissal was for lack of jurisdiction not for improper venue, and transfer was unauthorized.

These proceedings did not begin with a claim for benefits. The issue before the Division of Employment Security was whether plaintiff was obligated as an employer to pay taxes on "wages" paid to "employees." A petition for review of a decision on this issue must be filed in Cole County. This is a jurisdictional not a venue issue. *Collins*, 724 S.W.2d at 243. *See also Mallard Point Resort, Inc. v. Labor and Indus. Relations Comm'n*, 662 S.W.2d 914 (Mo.App.1983); *Springfield Gen.*, 538 S.W.2d at 364. Accordingly, the provisions of § 476.410 RSMo Cum.Supp. 1990 are inapplicable and dismissal was required.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.