**Marvin POOL, III, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 44786.**

Missouri Court of Appeals, Western District.

Feb. 18, 1992.

---

James A. Chenault, III, Government Counsel, Jefferson City, for appellant.

Richard E. Rose, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

The Director of Revenue suspended Marvin Pool, III's driving license pursuant to the Administrative D.W.I. Law, Sections 302.500–302.541, RSMo.1986, after Mr. Pool's arrest in Clay County. After an evidentiary hearing held in Clay County, the administrative hearing officer sustained the suspension.

■ Mr. Pool, within the 15 days allowed by Section 302.530.7, RSMo, filed an application for trial de novo in the Circuit Court of Jackson County.[1] This was the wrong court. Section 302.535 says: "The petition [for trial de novo] shall be filed in the circuit court of the county where the arrest occurred...."

Seven months later, the Director of Revenue filed a motion to dismiss the appeal on the ground the Circuit Court of Jackson County did not have subject matter jurisdiction of the appeal. The trial court thereupon transferred the cause to Clay County Circuit Court in pursuance of Section 476.-410, RSMo Supp.1990.[2]

The Circuit Court of Clay County, after an evidentiary hearing, reversed the Director of Revenue's decision and reinstated Pool's driving license.

---

1. Mr. Pool's present counsel entered the case at a later stage.

2. Section 476.410, RSMo Supp.1990 provides:

"The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought."

We vacate the order of the trial court, and reinstate the Director of Revenue's decision suspending Pool's driving license.

The filing of the appeal in the Circuit Court of Jackson County gave the Circuit Court of Jackson County no jurisdiction of the appeal. Where the statute says an appeal must be filed in a certain court, that court alone has jurisdiction to entertain the appeal. *Collins & Assoc. Dietary Consultants, Inc. v. Labor & Indust. Relations Comm'n,* 724 S.W.2d 243 (Mo. banc 1987); *Dorrell Re–Insulation Systems, Inc. v. Director of Revenue,* 622 S.W.2d 516 (Mo.App.1981). These cases say that where a statute gives an aggrieved party the right to file an appeal in the Circuit Court of Cole County, the circuit court of another county has no jurisdiction of an appeal filed therein. We see no significant difference between the statute's designating by name the county where the appeal is to be filed, and the statute's designating the court of the appeal as "the circuit court of the county where the arrest occurred...."

Section 476.410, *supra,* under which the Jackson County Circuit Court acted to transfer Mr. Pool's appeal to the Clay County Circuit Court, deals with mistaken venue. Venue is a different thing from jurisdiction. Venue has to do with the place of the proceeding, not with the power of the court to act. A defendant may, for instance, waive improper venue by failing to object thereto. Mo.Rule Civ.Pro. 55.27(g)(1); *Sullenger v. Cooke Sales & Serv. Co.,* 646 S.W.2d 85 (Mo.1983). If he does not object to improper venue, or if he consents thereto, the court where the case is pending is not without power to act therein.

Subject matter jurisdiction, on the other hand, may not be waived or agreed to. Mo.Rule Civ.Pro. 55.27(g)(3); *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69 (Mo.1982).

Section 476.410, supra, then, did not authorize the transfer of the appeal from the Jackson County Circuit Court to the Clay County Circuit Court. *Collins, su-*pra. The Circuit Court of Jackson County had no authority but to dismiss the appeal for want of subject matter jurisdiction. *Id.* Its purported transfer of the appeal to the Clay County Circuit Court was unauthorized and void; it vested no jurisdiction in the Clay County Circuit Court.

We are not dealing with a case where the transfer from the wrong circuit court to the correct circuit court was done within the 15 day time initially allowed for filing the appeal. Whether that might be treated as a filing by the aggrieved party himself in the proper court within the allowed time is a question we do not need to deal with.

We vacate the order of the circuit court reinstating respondent's driving license, and remand the case to the trial court with directions to dismiss the appeal.

All concur.