John Alan WOODARD, Jr., Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 19017.

Missouri Court of Appeals,
Southern District,
Division Two.

May 31, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Henry Clapper, Clapper & Woodard, P.C., Monett, for respondent.

CROW, Judge.

The Director of Revenue ("Director") appeals from an order of the Circuit Court of Dade County setting aside the Director's revocation of the privilege of John Alan Woodard, Jr., ("Woodard") to operate a motor vehicle. The court order was entered in an action commenced by Woodard per § 577.-041, RSMo Cum.Supp.1992.[1] Woodard filed the action in Barry County. It was "transferred" to Dade County. The sole issue in this appeal is whether the transfer was valid.

The Director based Woodard's revocation on a sworn report by a Monett police officer per § 577.041.1. The report stated, in pertinent part: (a) the officer arrested Woodard on February 8, 1993, in Barry County, (b) the officer had reasonable grounds to believe Woodard was operating a motor vehicle while in an intoxicated condition, and (c) Woodard refused the officer's request to submit to a chemical test to determine the alcoholic content of Woodard's blood.

After being notified of the revocation, Woodard filed the instant action on March 12, 1993, in the Circuit Court of Barry County. On the same day, in the same action, a "Joint Application for Change of Venue" was filed. Excluding its caption, it read:

"Comes now Plaintiff in person, and jointly requests the Court to enter a [sic] order transferring the venue of the above styled cause to Dade County, Missouri.

s/John Alan Woodard

John Alan Woodard, Plaintiff

s/John A Lewright

John Lewright

Attorney for Defendant"

On the same day (March 12, 1993), the Circuit Court of Barry County, in a docket entry citing § 508.080, RSMo 1986,[2] ordered the action transferred to Dade County.

■ The statement of facts in the Director's brief declares that John Lewright, whose name appears on the document quoted above, was the Prosecuting Attorney of Barry County on March 12, 1993. Woodard, in his brief, accepts the Director's statement of facts. Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record. *Nastasio v. Cinnamon,* 295 S.W.2d 117, 119[1] (Mo. 1956); *In re Marriage of Swofford,* 837 S.W.2d 560, 563[6] n. 2 (Mo.App.S.D.1992).

On April 8, 1993, the Director, represented by the General Counsel of the Department of Revenue, filed a motion to dismiss in the Circuit Court of Dade County. The motion averred that § 577.041[3]:

1. Section 577.041, RSMo Cum.Supp.1992, was amended by Laws of Missouri 1993, S.B. No. 167, § A, effective August 28, 1993, and S.B. No. 180, § B, effective July 2, 1993. Section 577.-041, as it appeared in RSMo Cum.Supp.1992, read, in pertinent part:

"1. ...

2. If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which the arrest occurred. Upon his request the clerk of the court shall notify the prosecuting attorney of the county and the prosecutor shall appear at the hearing on behalf of the arresting officer. At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

3. If the judge determines any issue not to be in the affirmative, he shall order the director to reinstate the license or permit to drive.

4. ...."

In this opinion, all references to § 577.041 are to RSMo Cum.Supp.1992.

2. Section 508.080, RSMo 1986, reads:

"If at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction; and the same proceedings shall be had in all respects for the removal of such cause as are provided by law in changes of venue in civil cases."

In this opinion, all references to § 508.080 are to RSMo 1986.

3. Footnote 1, *supra.*

"... requires the refusal proceeding to be conducted in the county of arrest; that this is a matter of subject matter jurisdiction, not venue, and section 508.080 RSMo, and the general change of venue provisions do not apply."

Therefore, pled the Director's motion, because the Circuit Court of Barry County has jurisdiction and such jurisdiction cannot be transferred to Dade County, the Circuit Court of Dade County should dismiss the action "for lack of subject matter jurisdiction."

On August 13, 1993, a hearing was held in the Circuit Court of Dade County. Randee S. Stemmons, identified as "Special Prosecutor for Barry County," argued that the Director's motion to dismiss should be granted because the Circuit Court of Dade County lacked subject matter jurisdiction. The trial court denied the motion and proceeded with a hearing on the merits.

As reported in the first sentence of this opinion, the trial court set aside the Director's revocation of Woodard's driving privilege. This appeal followed.

The Director presents one point relied on; it reads:

> "The court below erred in setting aside the revocation of [Woodard's] driving privilege because it lacked subject matter jurisdiction in this matter, in that jurisdiction was vested exclusively in the circuit court of the county in which [Woodard] was arrested."

The Director's argument begins by citing *Pool v. Director of Revenue*, 824 S.W.2d 515 (Mo.App.W.D.1992). There, the Director suspended a driver's license following an arrest in Clay County. After an adverse decision in an administrative hearing, the driver filed an application for trial de novo in the Circuit Court of Jackson County, contrary to § 302.535, RSMo 1986, which required the petition to be filed in the county where the arrest occurred. The Director ultimately filed a motion to dismiss, asserting the Circuit Court of Jackson County lacked subject matter jurisdiction. That court transferred the case to Clay County. There, after an

evidentiary hearing, the circuit court reversed the Director's suspension and reinstated the driver's license. On appeal, the Western District of this Court vacated the circuit court order and reinstated the suspension. The rationale for the holding was that where a statute requires an action for judicial review of an administrative decision to be brought in the circuit court of a particular county, no other court has subject matter jurisdiction. 824 S.W.2d at 517. Because the arrest occurred in Clay County, the Circuit Court of Jackson County lacked subject matter jurisdiction, hence it had no authority to do anything except dismiss the action. *Id.* That being so, the purported transfer of the case to Clay County was unauthorized and void. *Id.*

*Pool* relied on *Collins & Associates Dietary Consultants, Inc. v. Labor and Industrial Relations Commission,* 724 S.W.2d 243 (Mo. banc 1987), where the Supreme Court of Missouri held:

> "Where a statute places the authority to judicially review an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction rather than venue is involved. A court which is not statutorily vested with review authority lacks subject matter jurisdiction. Where a court has no subject matter jurisdiction, its proceedings are absolutely void. The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause."

*Id.* at 244–45[4–6] (citations omitted).

It is clear from *Pool* and *Collins & Associates* that if Woodard had filed this action in the Circuit Court of Dade County, that court would have had no subject matter jurisdiction.

■ However, it is equally clear that Woodard filed this action in the court where subject matter jurisdiction lay, the Circuit Court of Barry County. Therefore, the question is whether, upon written agreement by the parties, § 508.080 [4] authorizes a circuit court with subject matter jurisdiction of an action under § 577.041 to remove the

---

4. Footnote 2, *supra.*

action to a circuit court which would have lacked subject matter jurisdiction had the action been commenced there.

Citing *State ex rel. King v. Kinder*, 690 S.W.2d 408 (Mo. banc 1985), the Director asserts that when a court of general jurisdiction engages in the exercise of special statutory power, its authority is strictly confined to that provided in the statute. That is what *King* says, but it is an abstract statement of law which becomes meaningful only when considered in the factual context where it appears.

In *King*, the Director revoked a driver's license because of an alcohol-related traffic offense. After an adverse decision in an administrative hearing, the driver petitioned a circuit court for trial de novo. The circuit court issued an order purporting to "stay" the revocation pending trial. The Director refused to lift the revocation, contending the circuit court lacked authority to order the stay. Upon threat of being held in contempt for disobedience, the Director sought a writ of prohibition against the judge. The Supreme Court of Missouri determined the applicable statute conferred no authority on the circuit court to grant the stay, but instead allowed issuance of temporary, restricted driving permits in certain cases. *Id.* at 409.

*King* supplies little guidance here. In *King*, there was no statutory authority for the circuit court to do what it did. Here, there is a statute, § 508.080, that authorizes—indeed commands—a circuit court to remove a suit to another county upon written agreement of the parties.

The Director also cites *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972). We fail to see its relevance. In *Randles*, the Director revoked a driver's license because of accumulation of points. Long after expiration of the 30–day period allowed for an appeal to the circuit court, the driver filed a petition for review. The Supreme Court of Missouri held that when the General Assembly provides a method of review by designating the court and time within which review should be sought, a circuit court acquires no subject matter jurisdiction if the petition is untimely. *Id.* at 2–3.

Woodard, in support of his contention that § 508.080 authorized the removal in the instant case, cites *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 234 Mo.App. 470, 134 S.W.2d 1069 (1939). After decision by the Kansas City Court of Appeals, the case was transferred to the Supreme Court of Missouri, which adopted the majority opinion of the Kansas City Court of Appeals in toto, without republishing it. *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 348 Mo. 613, 154 S.W.2d 777, 780 (1941). Thus, when we refer to the *Anderson* opinion appearing in volume 134, South Western Reporter, Second Series, we are citing an opinion ultimately adopted by the Supreme Court of Missouri.

*Anderson* was a certiorari proceeding in the Circuit Court of Cole County for review of a decision of the Public Service Commission. 134 S.W.2d at 1073. One of the parties filed a motion for change of venue, based upon bias and prejudice of the circuit judge. *Id.* At that time, § 907, RSMo 1929, read:

"A change of venue may be awarded in any civil suit to any court of record, for any of the following causes: First, that the judge is interested or prejudiced...." .

The motion was granted and another judge was called in to try the case. 134 S.W.2d at 1073.

On appeal, one of the contentions was that the circuit court's decree was void because such court did not have jurisdiction, as no change of venue was provided for in an appeal from decisions of the Public Service Commission. *Id.* at 1079. Rejecting that argument, the opinion said:

"Undoubtedly, these proceedings in the circuit court are civil suits within the meaning of the change of venue statute, section 907, R.S. 1929 ..., and a change of venue on account of the bias and prejudice of the judge was properly allowed."

134 S.W.2d at 1079–80[20].

Although *Anderson* involved a "change of venue" statute, the case was not sent from the county where it originated to another county. The case remained where it began, and was adjudicated there by the replace-

ment judge. Thus, the only help *Anderson* supplies in the instant case is that it holds judicial review of a decision of the Public Service Commission is a civil suit within the meaning of § 907, RSMo 1929.

This Court has held that circuit court review of a revocation of a driver's license by the Director based on refusal to submit to a chemical test is judicial review of an administrative decision and is a civil proceeding. *Delaney v. Missouri Department of Revenue*, 657 S.W.2d 354, 356[2] (Mo.App.S.D. 1983), citing *State v. Byerly*, 522 S.W.2d 18, 20 (Mo.App.1975).

Woodard points out that where a civil action is brought in the circuit court of the correct county, there is precedent for allowing a change of venue to a county where the action could not have been lawfully commenced. In *Board of Regents v. Palmer*, 356 Mo. 946, 204 S.W.2d 291 (1947), the governing board of a state college filed a condemnation suit in Adair County to acquire land there. On motion of one of the fifteen defendants, venue was changed to Schuyler County without objection. On appeal by eight of the defendants, one of the contentions was that the Circuit Court of Schuyler County lacked subject matter jurisdiction because the land did not lie in that county. The Supreme Court of Missouri held the change of venue was proper, hence the Circuit Court of Schuyler County acquired subject matter jurisdiction. 204 S.W.2d at 293.

Although *Board of Regents* stands for the proposition that a civil suit instituted in the correct county may be removed to a county where it could not have been lawfully commenced, it differs from the instant case in two respects: (1) *Board of Regents* did not involve removal by agreement under § 508.-080, and (2) *Board of Regents* was not a statutory judicial review proceeding of an administrative decision.

Removal of a civil suit from the county where it originated to a county agreed upon by the parties was upheld in *Bank of Kennett v. Cotton Exchange Bank*, 228 Mo.App. 859, 72 S.W.2d 842 (1934). There, removal was

ordered per § 906, RSMo 1929, which read exactly as § 508.080 reads today. However, *Bank of Kennett* was not a statutory judicial review proceeding of an administrative decision.

Neither party cites, and our independent research has not found, a decision by a Missouri appellate court addressing the validity of a removal under § 508.080 (or its predecessors) in a proceeding for judicial review of an administrative decision.

On the date removal was ordered in the instant case (March 12, 1993), Rule 51.02, Missouri Rules of Civil Procedure (1993), was in effect.[5] It read, in pertinent part:

"If at least fifteen days before the trial date of a civil action triable by jury, the parties shall file a stipulation agreeing upon removal of the civil action to a designated court of competent jurisdiction, the court shall order it removed to such other court...."

Obviously, the above rule does not apply here. By its own terms, it pertains to civil actions *triable by jury*, a characteristic absent in the instant case.

We find no rule of the Supreme Court of Missouri pertaining to removal by agreement in a civil suit not triable by jury. That is, we find no rule either authorizing or prohibiting it.

The Director does not contend that by promulgating Rule 51.02, the Supreme Court of Missouri abrogated § 508.080, thereby eliminating the procedure for removal by written agreement in a civil suit not triable by jury. Instead, as we understand the Director's brief, the Director maintains § 508.-080 does not apply to proceedings for judicial review of administrative decisions.

In support of that contention, the Director cites Rule 100.01, Missouri Rules of Civil Procedure (1993). It was carried forward unchanged in Missouri Rules of Civil Procedure (1994) and reads:

"The provisions of sections 536.100 through 536.150, RSMo, shall govern pro-

---

5. Rule 51.02 was amended effective January 1, 1994. *See:* Rule 51.02, Missouri Rules of Court,

page 250 (West Publishing Co. 1994).

cedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review."

The Director points out that nothing in §§ 536.100–.150 authorizes a change of venue. The Director's position, as we understand it, is that because § 508.080 is not a part of §§ 536.100–.150, it does not apply to a proceeding in circuit court for judicial review of an action of an administrative agency.

The Director cites *Daus v. Director of Revenue*, 840 S.W.2d 892 (Mo.App.E.D.1992). It is of no assistance. The issue there was whether Rule 55.25, which requires a responsive pleading, applies in an action for judicial review of the suspension of a driver's license per the Motor Vehicle Financial Responsibility Law. Relying on Rules 41.01(a)(2) and 100.01, together with § 536.110, the court held Rule 55.25 does not apply. 840 S.W.2d at 893.

The Director's theory appears to be that only §§ 536.100–.150 and Rule 100.01 apply to proceedings in circuit courts for judicial review of actions of administrative agencies, and that such proceedings are immune from all other statutes and rules.

We find nothing in those statutes or that rule authorizing a change of judge. Does this mean no change of judge is allowable? The Supreme Court of Missouri, as we have seen, held a change of judge was allowable in *Anderson.* 154 S.W.2d at 780, adopting 134 S.W.2d at 1079–80[20].

Additionally, § 536.140.3 and .4 address instances where the circuit court may weigh the evidence and determine the facts itself. In such instances, the circuit court may hear and consider additional evidence if certain circumstances exist. Here, of course, the circuit court was required by § 577.041.2 to determine three fact issues. Obviously, in instances where a circuit court makes factual determinations, statutes governing attendance of witnesses would, of necessity, apply.

We therefore decline to hold that just because § 508.080 is not a part of §§ 536.100–.150 and is unmentioned in Rule 100.01,

§ 508.080 is inapplicable to a proceeding under § 577.041.

The Director asserts there is a "very specific and valid purpose" for requiring a proceeding under § 577.041 to be brought in the county where the driver was arrested. The Director explains it is frequently impractical for the arresting officer to appear in court in a county other than the one where the arrest occurred. We so acknowledged in *Hollis v. Director of Revenue*, 792 S.W.2d 44, 45 (Mo. App.S.D.1990).

We recognize that allowing such a proceeding to be removed from the county of arrest to another county per § 508.080 could place the Director at a disadvantage. Indeed, no justification is apparent for the removal here.

However, there could be circumstances where removal would accommodate the arresting officer such as if, after the arrest, the officer moved to a different county and the proceeding was sent there. As Woodard points out, if the Director or the arresting officer is concerned about having to appear in court in a county other than the county of arrest, the solution is simply to refuse to agree to removal.

The Director also argues that even if § 508.080 applies to proceedings in circuit courts for judicial review of actions of administrative agencies, it supplies no authority for the removal here. The Director points out that § 508.080 authorizes removal to "any other county or court of competent jurisdiction." The Director maintains that inasmuch as the Circuit Court of Dade County would have lacked subject matter jurisdiction of this action had Woodard filed it there, said court is, for the purpose of this action, not a court of competent jurisdiction.

We disagree. The phrase "any court of competent jurisdiction" has been held to mean a court of general jurisdiction, whether federal, state or territorial. *Stewart v. Hickman*, 36 F.Supp. 861, 864[4] (W.D.Mo.1941). The Circuit Court of Dade County is, of course, a state court of general jurisdiction. Mo. Const. art. V, § 14(a) (1945, amended 1976).

Finally, the Director reminds us that at the time the "Joint Application for Change of

Venue" was filed (March 12, 1993), § 577.-041.2 provided that the prosecuting attorney was to appear at the hearing on behalf of the *arresting officer.* The Director's reply brief states:

"[The Director] should not be deemed to be bound by the actions of someone who merely shows up in court and claims to be [the Director's] attorney, without any express or implied authority, statutory or otherwise, to support such a claim."

The above contention was not presented to the Circuit Court of Dade County. The thrust of the Director's motion to dismiss in that court was that only the Circuit Court of Barry County had subject matter jurisdiction, and § 508.080 did not authorize removal to any other court. Nothing in the record demonstrates the Director complained in the trial court that the prosecuting attorney lacked authorization to agree to the removal on the Director's behalf.

An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36[12] (Mo. banc 1982), *appeal dismissed,* 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983). Consequently, we need not—and do not—decide whether the prosecuting attorney was authorized to agree to the removal on behalf of the Director.

We hold § 508.080 authorized removal of the instant action from the Circuit Court of Barry County to the Circuit Court of Dade County. The Director does not attack the order of the latter court on any other ground. Accordingly, the order of the Circuit Court of Dade County is affirmed.

PREWITT and GARRISON, JJ., concur.