**Glen A. WOOLBRIGHT,**
Petitioner/Respondent,

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.**

No. 66145.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Lawrence O. Willbrand, P.C., St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the order of the St. Louis City Circuit Court restoring petitioner's driving privileges after they had been revoked by the Director for failure to submit to a chemical test. We reverse and remand with directions to dismiss the petition.

Petitioner was arrested for driving while intoxicated in the City of St. Louis on April 18, 1993. On June 18, 1993, the Director mailed notice to petitioner that, effective July 19, 1993, the Director had revoked petitioner's driving privileges for one year for failure to take a chemical test. On July 12, 1993, petitioner filed a *"Petition for Review of Revocation of Driver's License"* in St. Louis *County* Circuit Court. The hearing date was set at November 18, 1993.

On August 12, 1993, the Director filed a motion to dismiss contending petitioner had filed his petition in the wrong county. On October 18, 1993, the hearing date was moved to November 23, 1993. On November 23, 1993, the Director filed another motion to dismiss and the court dismissed the petition. On that same date the dismissal was set aside for "good cause shown". The hearing was continued until January 18, 1994. A January 18, 1994, docket entry states, "[c]ause heard on dismissal. Court orders

cause transferred to the City of St. Louis Circuit Court."

On April 4, 1994, the petition for review was called in St. Louis City Circuit Court. Due to the absence of the Director's "necessary witness", the court ordered petitioner's driving privileges restored.

On appeal, the Director asserts the circuit court erred in setting aside the revocation because the court lacked subject matter jurisdiction in that the respondent failed to file his petition in the court designated by § 577.041, RSMo Supp.1992.[1]

Section 577.041.2, states (in relevant part):

If a person's license has been revoked because of his refusal to submit to a chemical test, *he may request a hearing before a court of record in the county in which the arrest occurred.* (Emphasis added).

The Director contends the venue provision of § 577.041.2 should be given the same meaning Missouri courts have given the similar venue provision of § 302.535, RSMo 1986. *See Ferguson v. Director of Revenue,* 783 S.W.2d 132 (Mo.App.1989); *Pool v. Director of Revenue, State of Mo.,* 824 S.W.2d 515 (Mo.App.1992). The Director principally relies on *Pool,* the circumstances of which are somewhat similar to those of the instant case. There, the petitioner sought a trial *de novo,* pursuant to § 302.535, of an administrative suspension of his driving privileges. The petitioner filed his petition for review in Jackson County though he was arrested in Clay County. Seven months after the petition had been filed, the Director filed a motion to dismiss the cause on the ground that the Jackson County Circuit Court did not have subject matter jurisdiction. The court thereupon transferred the cause to the Clay County Circuit Court. After an evidentiary hearing, the Clay County court reinstated the petitioner's driving privileges.

The Western District vacated the order restoring the petitioner's driving privileges and remanded with directions that the cause be dismissed. Noting that § 302.535 provides "[t]he petition [for trial de novo] shall

---

1. Section 577.041, RSMo Supp.1992, was amended by Laws of Missouri 1993, S.B. No. 167, § A, effective August 28, 1993, and S.B. No. 180, § B, effective July 2, 1993. All references in this opinion to § 577.041 are RSMo Supp.1992, unless otherwise noted.

be filed in the circuit court of the county where the arrest occurred", the court stated:

> The filing of the appeal in the Circuit Court of Jackson County gave the Circuit Court of Jackson County no jurisdiction of the appeal. *Where the statute says an appeal must be filed in a certain court, that court alone has jurisdiction to entertain the appeal. Collins & Assoc. Dietary Consultants, Inc. v. Labor & Indust. Relations Comm'n,* 724 S.W.2d 243 (Mo. banc 1987); *Dorrell Re–Insulation Systems, Inc. v. Director of Revenue,* 622 S.W.2d 516 (Mo.App.1981). These cases say that where a statute gives an aggrieved party the right to file an appeal in the Circuit Court of Cole County, the circuit court of another county has no jurisdiction of an appeal filed therein. We see no significant difference between the statute's designating by name the county where the appeal is to be filed, and the statute's designating the court of appeal as "the circuit court of the county where the arrest occurred...."

*Id.* at 517 (emphasis added).

The court then stated with reference to the statute dealing with the transfer of cases filed in the wrong division or circuit:

> Section 476.410, [RSMo Supp.1993], *supra,* under which the Jackson County Circuit Court acted to transfer Mr. Pool's appeal to the Clay County Circuit Court, deals with mistaken venue. Venue is a different thing from jurisdiction. Venue has to do with the place of the proceeding, not with the power of the court to act. A defendant may, for instance, waive improper venue by failing to object thereto.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Subject matter jurisdiction, on the other hand, may not be waived or agreed to.
>
> Section 476.410, supra, then, did not authorize the transfer of the appeal from the Jackson County Circuit Court to the Clay County Circuit Court. The Circuit Court of Jackson County had no authority but to dismiss the appeal for want of subject matter jurisdiction.[2]

*Id.* (Citations omitted).

The statute in the instant case designates the *refusal* revocation review hearing venue as "a court of record in the county in which the arrest occurred." § 577.041.2. Petitioner does not argue § 577.041.2 is inapplicable;[3] rather, he contends the statute "specifies that the petitioner 'may' request a hearing in the county of the arrest and hence is not exclusive." Thus, he argues, he was entitled to file his petition for review in his county of residence pursuant to § 536.110.3[4]

---

**2.** "[W]here the law prescribes that the judicial review of an administrative decision be brought in a circuit court of a designated county, a petition for review lodged in the circuit court of a nondesignated county does not engage the jurisdiction of that court to adjudicate the subject matter."

*Ferguson,* 783 S.W.2d at 133 (quoting *Dorrell,* 622 S.W.2d at 519).

**3.** We note that § 302.311, RSMo 1986, also has a venue provision for license revocation review. It states, in relevant part:

> In the event ... a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo....

In *Romans v. Director of Revenue,* 783 S.W.2d 894 (Mo. banc 1990), our supreme court stated:

> Sections 577.041 [RSMo 1986] and 302.311 both contain procedures to review driver's license revocations by the Director. Section 302.311 is a *general statute* that permits review of the revocation of a driving privilege.... Section 577.041 mandates license revocations

after refusal to submit to a chemical test ... [and] *provides a procedure to review those revocations....* (Emphasis added).

> \*　　\*　　\*　　\*　　\*
>
> Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general.

*Id.* at 895–96 (quoting *State ex rel. Fort Zumwalt School Dist. v. Dickherber,* 576 S.W.2d 532, 536–37 (Mo. banc 1979)).

**4.** Section 536.110.3, establishes venue for circuit court review of administrative decisions in, among others places, the circuit court "in the county of the plaintiff or of one of the plaintiff's residence...." Though circuit court review of a revocation of a driver's license by the Director based on refusal to submit to a chemical test is judicial review of an administrative decision, *Woodard v. Director of Revenue,* 876 S.W.2d 810, 814 (Mo.App.S.D.1994), this venue provision is inapplicable in the instant case for the same reason set forth in footnote three of this opinion.

or, if we read his brief correctly, § 302.311. This argument is without merit and deserves little discussion.[5] Prior to its 1991 revision, § 577.041.2 specifically provided that a petitioner *could* file a refusal revocation review petition in the county of his or her residence: "If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county *in which he resides* or in the county in which the arrest occurred." § 577.041.2, RSMo Supp.1990 (emphasis added). The option of filing in the county of a petitioner's residence was deleted by the legislature in 1991.[6] The reasons for placing venue of refusal hearings which invariably will involve the arresting officer in the county of arrest are obvious.[7] *See generally Hollis v. Director of Revenue,* 792 S.W.2d 44, 45 (Mo.App.1990).

The Circuit Court of St. Louis County had no authority but to dismiss the petition for review for want of subject matter jurisdiction; its purported transfer of the petition to the City of St. Louis Circuit Court was unauthorized and void; it vested no jurisdiction in the City of St. Louis Circuit Court. *See Pool,* 824 S.W.2d at 517.[8] Accordingly, we reverse the order of the St. Louis City Circuit Court reinstating petitioner's driving privileges and remand with directions to dismiss the petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

5. The Southern District case of *Woodard* involved a situation where the petitioner filed his petition for review pursuant to § 577.041, in the county of his arrest (Barry County) and the cause was subsequently transferred to Dade county by joint consent of the petitioner and the prosecuting attorney of Barry county. *See* § 508.080, RSMo 1986. The Director subsequently filed a motion to dismiss contending the Dade County court was without subject matter jurisdiction in that § 577.041.2 required "the refusal proceeding to be conducted in the county of arrest; that this is a matter of subject matter jurisdiction, not venue, and section 508.080 RSMo, and the general change of venue provisions do not apply." *Woodard,* 876 S.W.2d at 812.

The Southern District held that § 541.041 did not prohibit *removal* of a refusal revocation review *from the county of arrest to another county.* However, the court noted:
It is clear from *Pool* and *Collins & Associates* that if [petitioner] had filed this action in the Circuit Court of Dade County, *that court would have no subject matter jurisdiction.*
*Woodard,* 876 S.W.2d at 812. (Emphasis added).

6. *See* Laws of Missouri 1991, S.B. Nos. 125 & 341, § A. When the legislature has altered an existing statute such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act. *State v. Sweeney,* 701 S.W.2d 420, 423 (Mo. banc 1985).

7. Indeed, as previously noted, petitioner's driving privileges were restored here precisely because the Director was "without [her] necessary witness".

8. As in *Pool,* this is not a case where the transfer from the wrong county circuit court to the correct one was done within the allotted time petitioner had in which to file his petition for review. Thus, as there, there is no occasion to decide whether the transfer could be treated as a filing by petitioner in the proper court. *See Pool,* 824 S.W.2d at 517. Petitions for review of license revocations for failure to submit to a chemical test must be filed within thirty days of notice of revocation. *Romans,* 783 S.W.2d at 896; § 302.311.