**Brent I. STOBART, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 65816.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 31, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Terry J. Flanagan, P.C., St. Louis, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the order of the St. Louis City Circuit Court restoring petitioner's driving privileges after they had been revoked by the Director for failure to submit to a chemical test. We reverse and remand to the circuit court with directions to dismiss the petition.

Petitioner was arrested for driving while intoxicated in the City of St. Louis on April 20, 1993. On May 4, 1993, the Director mailed notice to petitioner that, effective June 5, 1993, the Director had revoked petitioner's driving privileges for one year for failure to take a chemical test. On May 21, 1993, petitioner filed a *"Petition for Review of LICENSE Revocation"* in St. Louis *County* Circuit Court. The court set the hearing date at August 2, 1993.

On July 2, 1993, the Director filed a motion to dismiss contending petitioner had filed his petition in the wrong county. On July 26, 1993, petitioner filed a Motion for Change of Venue. The motion was sustained and the cause was transferred to St. Louis City Circuit Court. On January 19, 1994, the petition for review was called in St. Louis City Circuit Court. Due to the absence of the Di-

rector's "essential witness", the court ordered petitioner's driving privileges restored.

On appeal, the Director asserts the circuit court erred in setting aside the revocation because the court lacked subject matter jurisdiction in that the respondent failed to file his petition in the court designated by § 577.041, RSMo Supp.1992.[1] We agree.

Section 577.041.2, states (in relevant part):

If a person's license has been revoked because of his refusal to submit to a chemical test, *he may request a hearing before a court of record in the county in which the arrest occurred.* (Emphasis added).

This case is controlled by our recent decision in *Woolbright v. Director of Revenue,* 891 S.W.2d 860 (Mo.App.E.D.1995). Under almost identical relevant facts we held that the St. Louis County Circuit Court lacked subject matter jurisdiction over the petition. We stated:

The Circuit Court of St. Louis County had no authority but to dismiss the petition for review for want of subject matter jurisdiction; its purported transfer of the petition to the City of St. Louis Circuit Court was unauthorized and void; it vested no jurisdiction in the City of St. Louis Circuit Court.

*Id.,* at 863 (citing *Pool v. Director of Revenue, State of Missouri,* 824 S.W.2d 515, 517 (Mo.App.1992)).

As in *Woolbright,* this is not a case where the transfer from the wrong county circuit court to the correct one was done within the allotted time petitioner had in which to file his petition for review. Thus, as there, there is no occasion to decide whether the transfer could be treated as a filing by petitioner in the proper court. *See also Pool,* 824 S.W.2d at 517.[2] Accordingly, we reverse the order of the St. Louis City Circuit Court reinstat-

ing petitioner's driving privileges and remand with directions to dismiss the petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

1. Section 577.041, RSMo Supp.1992, was amended by Laws of Missouri 1993, S.B. No. 167, § A, effective August 28, 1993, and S.B. No. 180, § B, effective July 2, 1993. All references in this opinion to § 577.041 are RSMo Supp.1992.

2. Petitions for review of license revocations for failure to submit to a chemical test must be filed within thirty days of notice of revocation. *Romans v. Director of Revenue,* 783 S.W.2d 894, 896 (Mo. banc 1990); § 302.311, RSMo 1986.