**Freddie Lee PAYNE, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 20174.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 25, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance by respondent.

PREWITT, Presiding Judge.

Respondent was arrested in Newton County, Missouri, on September 20, 1994, for driving a motor vehicle while intoxicated. He refused a chemical test of his breath and was notified that his driving privilege would be revoked for one year. *See* § 577.041.3 RSMo 1994. Thereafter, Respondent filed a petition seeking a hearing regarding the refusal in the Circuit Court of Jasper County. Section 577.041.4 RSMo 1994 provides that such a petition be filed "in the county in which the arrest occurred."

Appellant filed a motion contending that the petition should be dismissed because it was not filed in the county of arrest. Thereafter, the Circuit Court of Jasper County transferred the matter to the Circuit Court of "Newton County for proper venue". That court entered judgment setting aside the revocation.

Petitions for review of a decision to revoke a license for refusing to submit to a chemical test must be made within thirty days of the revocation. *Romans v. Director of Revenue,* 783 S.W.2d 894 (Mo. banc 1990). Here, the petition was filed within thirty days, but in the incorrect county. The cause was not transferred to the county of arrest within the thirty-day period. Appellant contends that the Circuit Court of Newton County erred in setting aside Respondent's revocation because the court lacked jurisdiction as the petition was not filed in the proper county and the transfer thereafter was invalid.

The Eastern District of this Court has held that a petition seeking a hearing to reverse a license revocation for failing to submit to a chemical test filed in an incorrect county, gives that court no jurisdiction to transfer it, under § 476.410 RSMo 1994, to the proper county. *Zurweller v. Director of Revenue,* 892 S.W.2d 820 (Mo.App.1995); *Stobart v. Director of Revenue,* 891 S.W.2d 574 (Mo. App.1995); *Woolbright v. Director of Revenue,* 891 S.W.2d 860 (Mo.App.1995).[1]

These cases are based on a decision from the Western District of this Court, *Pool v. Director of Revenue,* 824 S.W.2d 515 (Mo. App.1992). *Pool* involves suspension for driving while intoxicated, but apparently not for failure to take a chemical test. It held that upon the filing of a request for a trial de novo in the wrong county, that court did not have jurisdiction to transfer the cause to the proper county. *Pool* concluded that § 476.410 deals with mistaken venue, whereas there was lack of subject matter jurisdiction.

Although members of this District have questioned the use of "subject matter jurisdiction" in these types of cases, *see Murray v. Wagner,* 883 S.W.2d 98, 101 (Mo.App.1994) (Prewitt, J., concurring) (Parrish, J., concurring), the Eastern District cases are consistent with decisions of the Missouri Supreme Court. That Court's rulings are controlling. Mo. Const., art. V, § 2; *Van Vooren v. Schwarz,* 899 S.W.2d 594, 595 (Mo.App.1995).

*Collins & Assoc. v. Labor & Indus. Rel. Comm'n.,* 724 S.W.2d 243, 244–245 (Mo. banc 1987), held that review of an administrative decision in the circuit court is a question of subject matter jurisdiction rather than venue. It decided that a court which is not statutorily vested with review authority does not have subject matter jurisdiction, its pro-

---

1. Section 476.410 RSMo 1994 states:

   **476.410. Transfer of case filed in wrong jurisdiction.**

   The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought.

ceedings are absolutely void, and its only recourse is dismissal.[2]

The Supreme Court previously held in *Randles v. Schaffner*, 485 S.W.2d 1 (Mo. 1972), a matter involving revocation of a driver's license, that when the time for court review has expired courts thereafter have no jurisdiction. The opinion concluded: "Although the court may be a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power." 485 S.W.2d at 3.

The judgment is reversed and the cause remanded with directions that the trial court set aside the judgment previously entered and enter an order dismissing Respondent's petition.

SHRUM, C.J., and PARRISH, J., concur.

---

**2.** *Collins* was decided before the enactment of § 476.410, but its reasoning would not appear to be changed by that section, as the court in *Pool* apparently concluded.