Cecil Allen **BATES, Jr., Respondent,**

v.

Lisa **JACKSON, Appellant.**

No. ED 77179.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 2000.

Keith **BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 77342.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 10, 2000.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL, Jr., J., and JAMES R. DOWD, J.

### ORDER

Jon Althauser, St. Louis, for appellant.

Todd A. Mandel, St. Louis, for respondent.

## OPINION

DRAPER, Judge.

Lisa Jackson (hereinafter, "Mother") appeals the default judgment of the Circuit Court of Saint Louis City determining paternity, custody, and support of her minor son (hereinafter, "R.A .B.") in favor of Cecil Bates, Jr. (hereinafter, "Father"). Mother argues that the trial court's judgment lacks justiciability in that it is moot. In the alternative, she alleges the trial court erred in failing to set aside the default judgment against her. We reverse and remand the cause to the trial court with directions to dismiss for lack of subject matter jurisdiction.

Mother and Father were residents of Indiana in 1987. An Indiana court issued a declaration of Father's paternity and an initial decree of custody for R.A.B. on November 17, 1987. The judgment granted Mother, among other things, custody and child support, and granted Father visitation rights.

In February 1994, Mother suffered from an injury which immobilized her leg, and she was unable to continue working. Due to her injury and Father's failure to maintain regular payment of child support, Mother consented to allow R.A.B. to live with Father and attend school in Saint Louis until June 1994. However, when Father failed to return R.A.B. to Mother in June, he asked Mother for permission to enroll R.A.B. in summer school in Saint Louis. Mother granted permission upon the condition that Father return R.A.B. to her in August following the end of the summer school session.

Father failed to return R.A.B. to Mother after the cessation of the summer school session. Since that time, Mother has repeatedly attempted to contact R.A.B.; yet,

she is thwarted by Father's actions. Father changed his telephone number and prevented Mother's mail contact with R.A.B.. Father agreed, but failed, to return R.A.B. to Mother for Christmas in 1994. Subsequently, Mother moved to Wisconsin[1] where she currently resides with R.A.B.'s two siblings.

On April 28, 1999, Father filed a petition in the Circuit Court of the City of Saint Louis for an initial determination of the father-child relationship and custody. Mother was served with the petition on June 7, 1999, and she contacted Legal Action of Wisconsin, Inc. on June 9, 1999. Legal Action of Wisconsin, Inc. referred Mother to Legal Services of Eastern Missouri (hereinafter, "Legal Services"). Legal Services contacted a Saint Louis attorney who agreed to represent Mother; however, this attorney was directed not to begin working on Mother's case until receiving Mother's retainer agreement from Legal Services. Mother forwarded the retainer agreement to Legal Services, but the agreement was never redirected to the attorney who failed to initiate representation of Mother.

The trial court entered a default judgment against Mother on July 26, 1999, declaring Father to be R.A.B.'s father and granting Father care, custody, and control. Mother was granted reasonable visitation and temporary custody. On or about August 19, 1999, Legal Services discovered the retainer agreement was not forwarded to the attorney representing Mother. The attorney proceeded to take necessary steps to set aside the default judgment and filed her motion on September 16, 1999. The court denied Mother's motion to set aside the default judgment on October 15, 1999. Mother appeals.

Mother raises three points on appeal. She alleges that the trial court erred in granting its judgment because the court did not have subject matter jurisdiction to enter a decree of paternity and initial custody. She also maintains that her motion to set aside the default judgment was improperly denied in that she showed good cause to set aside the judgment, and she had a meritorious defense.

In her first point on appeal, Mother claims the Missouri court lacked proper jurisdiction under the Uniform Child Custody Jurisdiction Act (hereinafter, "UCCJA") to issue an initial custody decree. We agree.

The issue of the trial court's initial custody decree may be moot; however, we decline to address mootness in that jurisdiction is dispositive and may be raised for the first time on appeal. *In re Marriage of Dooley,* 15 S.W.3d 747, 754 (Mo.App. S.D.2000). The relevant inquiry is whether the trial court had subject matter jurisdiction to enter an initial custody decree. Resolution of the issue is governed by the UCCJA as adopted in Missouri. Sections 452.440 through 452.550 RSMo (1994).[2]

"[C]ustody decrees made pursuant to the UCCJA are recognized and enforced in other states which have adopted the UCCJA." *State ex rel. Rashid v. Drumm,* 824 S.W.2d 497, 501 (Mo. App. E.D.1992); Section 452.500. Both Missouri and Indiana adopted the UCCJA.[3] Therefore, Missouri courts should recognize and enforce the Indiana initial custody decree.

Generally, Missouri courts may assume jurisdiction to determine an initial custody decree or to modify an existing decree. Section 452.450. Jurisdiction may be assumed when the court finds one of

---

**1.** It is unclear from Mother's brief or the legal file when she moved to Wisconsin. However, it is clear that she currently resides in Wisconsin.

**2.** All further statutory references are to RSMo (1994) unless otherwise indicated.

**3.** Indiana adopted the UCCJA in 1977 and is known as the Uniform Child Custody Jurisdiction Law.Ind.Code Sections 31–1–11.6 *et seq.*

four possible bases for jurisdiction, commonly referred to as: (1) the home state, (2) significant connections, (3) emergency, and (4) default or vacuum. Section 452.450; *Drumm*, 824 S.W.2d at 501. When a Missouri court issues an initial custody decree, it is instructed to follow a list of factors while taking into consideration the best interest of the child. Section 452.375.2. Yet, when there is already a custody decree, the court may modify that decree by finding changed circumstances of the custodial parent or the child and the modification is necessary to serve the best interests of the child. Section 452.410.

▓ In the instant case, Father petitioned the trial court for an initial determination of custody knowing that an Indiana court had already issued an initial order. The Missouri court assumed jurisdiction and determined custody of R.A.B. based upon the factors set forth in Section 452.375. However, at the time the trial court made its decree, there already was a legally recognizable custody decree issued by the State of Indiana. Because the Indiana court issued an initial custody decree, a Missouri court may only exercise jurisdiction to modify that decree, relief not requested by Father. "Where a court has no subject matter jurisdiction, its proceedings are absolutely void." *Collins & Associates Dietary Consultants, Inc. v. Labor and Indus. Relations Comm.*, 724 S.W.2d 243, 245 (Mo. banc 1987).

The judgment of the trial court is reversed and remanded with instructions to dismiss Father's initial custody application for lack of subject matter jurisdiction.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.