In re MARRIAGE OF Jerilyn
OTTMANN and James Lee
Ottmann.

Jerilyn OTTMANN, Respondent,

v.

James Lee OTTMANN, Appellant.

No. WD 40637.

Missouri Court of Appeals,
Western District.

Jan. 24, 1989.

Robert M. Prokes, Strong, Strong and Prokes, P.C., Maryville, for appellant.

Tim L. Warren, St. Joseph, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This is a dissolution of marriage case in which the husband-appellant contends, among other points raised on appeal, that the decree is void because venue of the cause did not lie in Clinton County. We agree and reverse the judgment.

It is undisputed that on February 11, 1986 when the action was filed in the circuit court of Clinton County, the petitioner-wife was residing in Atchison County and the husband was a resident of Nodaway County. Rock Port in Atchison County was the situs of the marital domicile. During the course of the dissolution of marriage litigation, the wife moved to Omaha, Nebraska where she was living when the decree was entered. At that time, the husband had returned to the marital home in Rock Port and was residing there with the three children born of the marriage. The only ground upon which venue could have existed in Clinton County investing the trial court with jurisdiction over the cause was by virtue of the wife's choice of the county in which to commence suit and a waiver by appellant of the improper venue.

In an action for dissolution of marriage, venue lies in the county where the plaintiff resides. Section 452.300, RSMo 1986. Venue means the place where the case is to be tried. Jurisdiction speaks to the power

of the court to hear and determine a case. There is a melding of venue and jurisdiction under Missouri case law which results in the rule requiring dismissal of an action where venue is improper. *Oney v. Pattison,* 747 S.W.2d 137, 140 (Mo. banc 1988).

■ Ordinarily, fixing of venue confers a mere personal privilege which may be waived by the party entitled to assert it. *Norman v. Norman,* 604 S.W.2d 680, 681 (Mo.App.1980). The challenge to venue must be made at the first opportunity and will be waived by taking steps relating to the merits of the case before the objection to venue is presented. *State ex rel. Antoine v. Sanders,* 724 S.W.2d 502, 504 (Mo. banc 1987). Venue may be waived when a defendant makes no motion or pleading on the issues but otherwise subjects himself to the jurisdiction of the court. If, however, the defendant makes no appearance and is thus not before the court, there is no waiver. *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 88 (Mo. banc 1983).

"A defense of * * * improper venue * * * is waived (A) if omitted from a motion in the circumstances described in subdivision (f) [of Rule 55.27] or (B) if it is neither made by motion under this Rule nor included in a responsive pleading." Rule 55.27(g).

The facts of this case to which the above principles must be applied are these. Attached to the petition which the wife filed in Clinton County was a statement signed by appellant, dated January 14, 1986, reading as follows: "I hereby agree to file for Dissolution of Marriage in a county in Missouri other than my county of residence." The husband did not, so far as appears in this record, file a petition but the wife did, commencing the subject case on February 11, 1986. The court record included in the legal file shows that a summons was issued and mailed to the wife's attorney by the clerk in Clinton County, for delivery to the sheriff of Nodaway County, but no return of service is recorded. Nothing appears of record thereafter until November 24, 1986, when the wife filed a motion for temporary child support, attorney fees and costs. A copy is shown to have been mailed to appellant.

The motion for temporary allowances was taken up by the court at a hearing December 16, 1986. The wife and her attorney and appellant appeared. At the time, appellant had filed no responsive pleading and he was not represented by counsel. The wife and appellant were both questioned by the wife's attorney and, at the conclusion of the hearing, the court ordered appellant to pay $950.00 per month child support, $450.00 partial attorney fees, any unusual medical bills and costs. None of those amounts was paid and on March 12, 1987, the court issued a contempt citation to appellant. For reasons not included in the record on appeal, that proceeding was dismissed by the prosecuting attorney.

In April, 1987, appellant engaged counsel who then filed a special entry of appearance and challenge to the jurisdiction of the court based on improper venue. That motion was overruled, leave was granted appellant to file his answer out of time, the cause was heard and judgment was entered.

■ The wife contends appellant waived the defect of improper venue, first, by the signed statement quoted above in which he agreed to file for dissolution of marriage in any county of the state other than the county of his residence and, second, by appearing at the hearing on the wife's motion for temporary allowances and raising no objection to the court's jurisdiction.

With regard to appellant's statement of January, 1986, nothing in the record on appeal sheds any light on that document, the identity of its author or the circumstances under which it was made. Its effect must therefore be taken as that which the words employed impart. So viewed, and even assuming the validity of a prior undertaking to waive venue, the statement does not constitute any agreement by appellant to appear in a venue of the wife's choice. To the contrary, the statement merely commits appellant to an undertaking not to commence the dissolution action in the county of his residence. The choice of the place of venue was appellant's.

Once the wife took the initiative to file the suit, the statement was irrelevant to the issue of venue. Moreover, although not a question necessary to decision here, the binding effect on a defendant of an agreement as to venue in a dissolution of marriage case before suit is commenced is at best dubious. Respondent has cited no cases, and independent research has disclosed none, in which such an agreement has been enforced against a defendant who has either repudiated the agreement in timely fashion or has not reaffirmed the agreement by a post-filing entry of appearance. In this case, it suffices to say that the wife has not shown a waiver of improper venue by the quoted statement of appellant.

The second and principal ground on which the wife relies to support jurisdiction of the Clinton County court is the physical appearance by appellant at the motion hearing in December, 1986, some ten months after the wife's petition had been filed. During this interval, appellant had filed no responsive pleading nor had he sought any relief from the court. The file does not disclose why appellant did appear in court on December 16, 1986, or even how he was made aware that the wife's motion would be taken up on that date. At the hearing, appellant called no witnesses and only testified himself when he was called to the stand by the wife's attorney and questioned.

The wife contends that appellant was obligated to raise the challenge to the court's jurisdiction at the December, 1986 motion hearing or be deemed to have waived the defense. We do not agree. In the first place, appellant had not at that time entered any appearance in the case, sought any relief or taken any other affirmative act demonstrating his acceptance of jurisdiction in Clinton County. The mere fact that he attended the hearing of which he apparently had received notice from the wife's attorney cannot be construed as an entry of appearance when nothing more in the record suggests an affirmative act of waiver. Indeed, appellant's appearance and testimony were more accurately to be classified as involuntary because it was the wife who instigated the hearing and her attorney who caused appellant to participate by calling him as a witness.

The wife's theory seems to be that waiver of improper venue is the consequence of inaction on the part of the adversary entitled to the defense of venue. That is not the rule. As all of the cases summarized in *State ex rel. Montgomery v. Knust*, 740 S.W.2d 405, 410 (Mo.App.1987), hold, improper venue, and hence lack of jurisdiction, is only waived when the adverse party takes some affirmative act recognizing or accepting the court's jurisdiction. There was no duty on the part of appellant to protest the Clinton County venue when the motion for temporary allowances was heard just as there was no obligation on him to file an answer when he was served with a summons in the case filed in Clinton County. Waiver of venue is not a consequence of default. *See Sullenger*, 646 S.W.2d at 88.

The wife also suggests that appellant's answers to questions asked of him by her attorney amounted to a waiver. The exchange upon questioning of appellant by the wife's attorney was confined to the following questions and appellant's answers:

Q. Mr. Ottmann, you heard the testimony of Jerilyn Ottmann regarding the date of your marriage, the date and full names of the children, the periods of time that each of you have been residents of the State of Missouri, did you not?

A. Yes.

Q. Do you have any disagreement with any of the answers she gave to any of those questions?

A. No, sir.

Q. And you also heard testimony, and the Court took judicial notice of your signed statement of 1–14–86 agreeing to have this matter filed in a county other than your residence. You recall that; do you not?

A. Yes.

Notably, counsel did not make any inquiry of appellant as to whether he was aware that jurisdiction of the court depended on venue being in Atchison County, absent appellant's agreement otherwise, nor did he ask whether appellant had any objection to the case being heard in Clinton County. In the circumstances, it is fatuous to claim that the exchange quoted above was an affirmative act on the part of appellant whereby the jurisdiction of the court in Clinton County was validated. That conclusion is particularly compelled in the situation here where the defendant was unrepresented by counsel and was in court only as a witness called by the attorney for his adversary.

It is uncontested that the validity of the judgment rendered in this case depended on a showing that appellant had consented to the jurisdiction of the court in Clinton County or had waived the improper venue by an affirmative act accepting that jurisdiction. There was no such consent or affirmative act shown, and hence the judgment was void for want of jurisdiction.

The judgment is reversed.

All concur.