**Joe CHOWNING, Plaintiff–Respondent,**

**v.**

**J.T. MAGNESS, Defendant–Appellant.**

**No. 16978.**

Missouri Court of Appeals,
Southern District.
Division Two.

July 19, 1990.

Timothy E. Gammon, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-appellant.

Jerry L. Redfern, Paul G. White, Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiff-respondent.

## PER CURIAM.

This is an appeal of an election contest brought pursuant to § 115.526.[1] Appellant and respondent are candidates for nomination to the office of associate circuit judge of Taney County, Missouri. The date of the primary election at which a candidate will be nominated is August 7, 1990. Respondent brought this action challenging the qualifications of appellant to hold the office sought. Respondent alleged that appellant does not meet the constitutional and statutory qualifications for the office for the reason that appellant will not have resided in Taney County for one year prior to November 6, 1990, the date of the forthcoming general election at which the associate circuit judge of Taney County, Missouri, will be elected.[2]

This case was tried in the Circuit Court of Webster County, Missouri.[3] The trial court sustained the challenge and entered judgment declaring appellant disqualified and ordering appellant's name not to be printed on the official ballot for the August 7, 1990, primary election. This court affirms.

■ This case was tried without a jury and is, therefore, reviewable under Rule 73.01. That review is governed by the constraints imposed in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* In considering whether the judgment of the trial court is "against the weight of the evidence," this court may exercise its power to set aside the judgment of the trial court only with caution and only if it possesses a firm belief that the judgment is wrong. *Id.* In undertaking this review, this court is mindful of the opportunity of the trial court to have judged the credibility of the witnesses and gives due regard thereto. Rule 73.-01(c)(2).

■ The record on appeal includes some 365 pages of testimony and 94 exhibits. At the conclusion of the testimony, the trial court stated that there was a question of credibility and concluded that appellant's position was "somewhat less than credible." There was strong documentary evidence casting considerable question upon appellant's claim to have been a resident of Taney County during the prescribed period. That evidence included: signed personal property assessments in which appellant declared his residence to be in Springfield, Greene County, Missouri, and in which he declared the telephone number at his Springfield abode as his "home" telephone

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. Mo. Const. art. V, § 21, provides, in relevant part:
   Associate circuit judges shall be qualified voters of this state and residents of the county, at least twenty-five years old, and have such other qualifications as may be provided by law.
   Section 478.320.6 provides:
   No person shall be elected as an associate circuit judge unless he has resided in the county for which he is to be elected at least one year prior to the date of his election; provided that, a person who is appointed by the governor to fill a vacancy may file for election and be elected notwithstanding the provisions of this subsection.

3. For purposes of this appeal, this court judicially notices the following. The associate circuit judge of Taney County is not selected under the nonpartisan selection process established by Mo. Const. art. V, § 25. Taney County is a part of the 38th Judicial Circuit that is an adjoining circuit to the 30th Judicial Circuit which includes Webster County. § 115.575.

number; driver's license renewal form, signed by appellant, declaring appellant's residence to be in Springfield, Greene County, Missouri; motor vehicle insurance declarations showing appellant's address as Springfield, Greene County, Missouri; appellant's state and federal income tax returns for 1986 and 1987 showing appellant's address to be in Springfield, Greene County, Missouri (together with appellant's testimony that his 1988 return, no copy of which was produced at trial, showed the same address and that no 1989 return had been filed at the time of trial). Appellant, immediately before giving his deposition and immediately before the trial of this case, undertook to change addresses on the records on which some of those documents were based. This court concludes that the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

The judgment of the trial court is affirmed in compliance with Rule 84.16(b).