**Bill HOFFMAN, Jr., Respondent,**

v.

**SEDLMAYR ENTERPRISES, INC., and the Aetna Casualty & Surety Company, Appellants.**

**No. WD 47054.**

Missouri Court of Appeals, Western District.

Aug. 3, 1993.

William D. Powell, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellants.

William W. Francis, Jr., J.R. Victor, Springfield, for respondent.

Before LOWENSTEIN, C.J., and BERREY and ULRICH, JJ.

ULRICH, Judge.

Sedlmayr Enterprises, Inc. (Sedlmayr), and its insurer, Aetna Casualty and Surety Company (Aetna) (together, "Appellants"), appeal from the final Workers' Compensation award of the Labor and Industrial Relations Commission compensating Bill Hoffman, Jr., as a result of injuries he sustained while employed by Sedlmayr in Nevada, Vernon County, Missouri. Appellants claim that (1) the venue of the original hearing was improper and in violation of section 287.640, RSMo 1986; (2) the notice of the hearing and the claim for compensation were served on them after time for filing a response to the claim for compensation had already expired, thereby denying them due process of law; and (3) the record does not support the award of medical expenses because the record contains

no substantial or credible evidence that the medical expenses were reasonable and necessary or that the medical expenses were causally related to the occurrence. Because point one is dispositive of the appeal, points two and three will not be addressed by this court. The award of the Labor and Industrial Relations Commission is reversed and the case is remanded for a new hearing consistent with this opinion before the Division of Workers' Compensation.

Bill Hoffman, Jr., was employed by Sedlmayr, doing business as Royal American Shows, as a ride jockey in Nevada, Missouri, on July 20, 1990. His duties included operating an amusement park ride for the entertainment of paying customers. Mr. Hoffman was struck by an automobile and injured while crossing a street in order to purchase cigarettes for himself and his foreman.

Recitation of the procedural chronology is necessary. Mr. Hoffman filed his claim for compensation against Sedlmayr in the Division of Workers' Compensation on October 30, 1990. On or about May 15, 1991, a letter was sent by James H. Wesley, II, Chief Administrative Law Judge, to Sedlmayr informing the company that it was in default for failing to file an answer to Mr. Hoffman's claim and that default judgment could be taken against it. On or about July 16, 1991, Chief Administrative Law Judge Wesley sent a letter to Aetna as Sedlmayr's insurer with a copy of the claim filed by Mr. Hoffman. The letter also purported to have enclosed with it a copy of the notice of receipt of claim directed to Sedlmayr dated November 2, 1990, and a copy of the letter sent to Sedlmayr on or about May 15, 1991. On or about August 9, 1991, the Division of Workers' Compensation sent a notice to Mr. Hoffman, Sedlmayr, and Aetna that the claim for compensation was set for hearing on September 11, 1991, in Springfield, Greene County, Missouri. The hearing was not conducted on September 11.

The original hearing before Chief Administrative Law Judge Wesley was held on November 4, 1991, in Springfield. The record reflects that notice of the hearing dated September 20, 1991, was sent by certified mail to Sedlmayr. Neither Sedlmayr nor Aetna were in attendance at the hearing on November 4, 1991. The Administrative Law Judge determined that both Sedlmayr and Aetna had been sent notice by certified mail that the hearing would occur in Springfield on November 4, 1991.

Mr. Hoffman testified at the November 4, 1991, hearing and documents were later admitted into evidence. Mr. Hoffman stated that on July 20, 1990, he sustained a broken leg as a result of being struck by a vehicle. He was transferred to Cox Medical Center, South, in Springfield, for treatment of a broken leg, where he remained for thirty-three days. His leg was operated on five times while at the medical facility in Springfield. As a result of the treatment he received, he incurred bills from health care facilities and physicians, none of which were paid at the time of the hearing. The record was left open for receipt of medical bills and records, and certain medical records and medical bills were admitted into evidence on December 2, 1991, and December 12, 1991.

On December 31, 1991, the Administrative Law Judge entered his award in favor of Mr. Hoffman. Appellants filed an application for review on January 21, 1992, with the Labor and Industrial Relations Commission. The Labor and Industrial Relations Commission affirmed the Administrative Law Judge's award, and Appellants appealed to this court.

I.

■ As their first point on appeal, Appellants claim that the venue for the original hearing was improper because the claim filed by Mr. Hoffman alleged the accident occurred in Vernon County and the original hearing occurred before the Division of Workers' Compensation in Greene County, in violation of section 287.640, RSMo 1986. Section 287.640.2 provides:

Unless the parties otherwise agree, all original hearings shall be held in the county, or in a city not part of any county, where the accident occurred, or in any

county, or such city, adjacent thereto, at the place therein as is determined by the division....

Following the requirements of section 287.-640.2, venue for the proceeding was proper in either Vernon County or in a county adjacent to Vernon County. This court takes judicial notice of the fact that Greene County does not adjoin Vernon County. *See Trautmann v. Hamel,* 358 S.W.2d 803, 806 (Mo.1962); *Hammack v. Missouri Clean Water Comm'n,* 659 S.W.2d 595, 599 (Mo.App.1983).

Holding the original hearing in Greene County would appear to violate the venue provision of section 287.640.[1] Mr. Hoffman alleges, however, that Appellants waived any violation of section 287.640 by failing to respond to his claim and failing to appear at the original hearing to defend the claim after having proper notice of the filing and hearing.

Absent proper venue, a court does not have jurisdiction and its judgment is void. *Wood v. Wood,* 716 S.W.2d 491, 494 (Mo.App.1986). Ordinarily, the fixing of venue confers a mere personal privilege which may be waived by the party entitled to assert it. *In re Marriage of Ottmann,* 764 S.W.2d 153, 154 (Mo.App.1989). Venue will be waived by taking steps relating to the merits of the case before objecting to venue. *Kueper v. Murphy Distrib.,* 834 S.W.2d 875, 879 (Mo.App.1992); *Ottmann,* 764 S.W.2d at 154. Venue may even be waived when a party makes no motion or pleading on the issues but otherwise subjects him or herself to the jurisdiction of the court. *Ottmann,* 764 S.W.2d at 154; *Wood,* 716 S.W.2d at 494. If a party makes no appearance and is thus not before the court, there is no waiver. *Ottmann,* 764 S.W.2d at 154. Even if a party has been served with a petition and has been given timely notice of a hearing and still fails to respond or attend the hearing, that party has not waived the issue of venue. *Kueper,* 834 S.W.2d at 876, 879. Waiver of venue is not a consequence of default, *Ottmann,* 764 S.W.2d at 155, and a defaulting party may raise the issue of venue collaterally or on appeal. *Kueper,* 834 S.W.2d at 879.

Appellants did not waive the issue of venue by defaulting. Because Greene County is neither the county where the injury to Mr. Hoffman occurred nor adjacent to that county, venue in this case was improper. § 287.640.2. Because venue was improper, the Final Award Allowing Compensation (Affirming Award of Administrative Law Judge) of the Labor and Industrial Relations Commission is void for lack of jurisdiction. *Wood,* 716 S.W.2d at 494.

The award of the Labor and Industrial Relations Commission is reversed, and the case is remanded for a new hearing consistent with this opinion before the Division of Workers' Compensation.

All concur.

---

1. Mr. Hoffman contends in his brief that he originally filed his claim for compensation in Joplin, Jasper County, Missouri, but requested and was granted a change of venue to Springfield, Greene County, Missouri. (Jasper County does not adjoin Vernon County. *Trautmann,* 358 S.W.2d at 806; *Hammack,* 659 S.W.2d at 599.) Mr. Hoffman does not provide any citation to the record in support of this contention, however, and an independent search of the record by this court did not reveal any support for this statement.