**Jerry W. KELTNER, Petitioner–Respondent,**

v.

**Loretta Ann KELTNER, Respondent–Appellant.**

No. 21236.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 8, 1997.

John Alpers, Jr., Cabool, for Respondent–Appellant.

No Appearance for Petitioner–Respondent.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PER CURIAM.

This appeal by Loretta Ann Keltner ("Wife") is from a judgment entered in a dissolution of marriage action filed by Jerry W. Keltner ("Husband"). One of Wife's contentions is that venue in the case was improper. Because we agree, we do not reach the other issues raised by her on this appeal relating to the division of property and the award of an attorney's fee.

Husband filed this suit in Howell County on November 28, 1995. His petition reflected that he resided in Greene County and that Wife resided in Texas County. The record indicates that when Husband filed suit, his attorney requested that the circuit clerk not issue summons because he anticipated that Wife would execute a waiver of service and consent to venue. That was apparently not forthcoming, and on December 19, 1995, Husband's attorney requested that summons be issued to the sheriff of Texas County for service on Wife. Service was accomplished on December 20, 1995. When no responsive pleading was filed, Husband's attorney mailed a notice to Wife, at her address in Houston, Missouri (Texas County), advising her that he intended to call the case up for hearing in the Howell County Circuit Court on March 6, 1996.

On March 1, 1996, Wife filed a motion to dismiss, alleging that venue of the case was improper. On March 6, 1996, the trial court ruled that Wife was in "default and without standing to move to dismiss," and granted her ten days to seek leave to cure the default and to plead out of time. Within that time, Wife filed a "Motion To Plead Out Of Time" in which she again raised the issue of improper venue and sought leave to plead further. In its order ruling that motion, the trial court said, in part:

> With her motion to plead out of time, [Wife] filed no proposed [a]nswer but rather sought leave *only* to pursue the venue

motion. [Husband] argues that any objection to venue has been waived and that, not having submitted a proposed [a]nswer, respondent cannot complain of the cause being heard upon default.

The Court finds [Husband's] argument to be technically correct. [Wife's] motion to dismiss for improper venue ... was ruled March 6, 1996. The Court denied the motion on that date and granted leave *only* to plead to the merits or otherwise substantively. This [Wife] had not done, contra Rule 55.25(c). Because [Wife's] objection to venue has *already* been denied, we have no occasion to revisit that issue.

The court overruled Wife's motion to plead out of time insofar as she sought to pursue the matter of improper venue, but it permitted her to plead to the merits if she desired. Notwithstanding the court's order, Wife filed an answer in which she included a prayer that the petition be dismissed for improper venue. Wife also renewed the issue concerning venue at trial, but the trial court proceeded to hear the case.

In her first point on appeal, Wife contends that the trial court erred in not transferring the case to the Circuit Court of Greene County, because venue was improper in Howell County. We agree.

 In an action for dissolution of marriage, venue lies in the county where the plaintiff resides. § 452.300.[1] Section 476.410 provides that a circuit court "in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." Prior to the enactment of § 476.410, improper venue required dismissal of the action. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo.banc 1991). The statute now requires the trial court to transfer the action to a county of proper venue. *Id.* In this case, that county was Greene County.

In the instant case, the trial court recognized the effect of § 476.410 in its order overruling Wife's motion to plead out of time. It said that in view of that statute, Wife's

motion to dismiss was effectively a motion to transfer the case because of improper venue and cited *Rothermich*, 816 S.W.2d 194. It rejected Wife's contention concerning venue, however, on the theory that it had been waived.

Improper venue may be waived by the party entitled to assert it. *In re Marriage of Ottmann*, 764 S.W.2d 153, 154 (Mo. App. W.D.1989). Improper venue is only waived when the party entitled to assert it takes some affirmative act recognizing or accepting the court's jurisdiction; it is not a consequence of default. *Id* at 155.

Wife consistently objected to the propriety of venue in this case. Her participation in the trial, after objecting to venue at every opportunity does not constitute a waiver. *See Ottmann*, 764 S.W.2d at 155. The trial court was required to transfer the case to Greene County pursuant to § 476.410. The judgment is therefore reversed, and the case is remanded to the trial court with directions to transfer the case to the Circuit Court of Greene County for further proceedings.

ceedings for dissolution of marriage "shall be had in the county where the plaintiff resides ..."