Earl G. CABLE, Respondent–Claimant,

v.

**SCHNEIDER TRANSPORTATION, INC., Appellant–Employer.**

No. 21616.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1997.

William W. Francis, Jr., Springfield, for Appellant–Employer.

Kevin C. Shelton, Lake Ozark, for Respondent–Claimant.

SHRUM, Judge.

Earl G. Cable (Claimant) sought workers' compensation benefits under the Missouri law on the theory that his employment was "principally located" in this state. The Labor and Industrial Relations Commission (Commission) agreed and entered an award for Claimant. Schneider Transportation, Inc. (Employer) lodged its appeal from that award directly with this court, claiming that we have jurisdiction over this appeal by virtue of § 287.495. We disagree.[1]

Inexplicably, neither § 287.495 nor other provisions of the Workers' Compensation Act authorize direct appeal to this court of an award where "principally located" employment is the sole basis for the Commission's subject matter jurisdiction. The appeal is dismissed.

---

1. Unless otherwise indicated, all statutory references are to RSMo 1994.

The three instances where Missouri's Workers' Compensation Act covers on-the-job injuries to employees are listed in § 287.110.2 as follows:

"2. This chapter shall apply to all injuries received .... in this state, regardless of where the contract of employment was made, and also to all injuries received ... outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide, and also to *all injuries received ... outside of this state where the employee's employment was principally localized in this state.*" (emphasis supplied).

The third category of coverage, shown above in italics, was added in 1974. 1974 Mo. Laws, S.B. 417, at 856–57. Because Claimant was injured in Kentucky and his contract of employment was made in Wisconsin, he filed and pursued his claim for workers' compensation in Missouri under the third category of § 287.110.2, i.e., "employment ... *principally localized* in this state."

An administrative law judge (ALJ) heard Claimant's case in Camden County, Missouri. The ALJ concluded that Missouri's Workers' Compensation Act applied because the employment of Claimant by Employer "was principally localized in ... Missouri." He awarded Claimant workers' compensation benefits.

Employer sought review of the ALJ's award by the Commission. The Commission affirmed the ALJ's decision. In affirming, the Commission specifically found, contrary to Employer's argument, that it had subject matter jurisdiction over this case because Claimant's employment with Employer was "principally localized" in Missouri. Employer's appeal to this court followed. Claimant countered with a motion to dismiss.

■ Claimant contends that jurisdiction for appeal is in the Court of Appeals, Western District because he resides in Morgan County, a county within the jurisdiction of the Western District. *See* § 477.070. In response, Employer argues that jurisdiction is

proper in this court because the hearing by the ALJ was conducted in Camden County, a county within the jurisdiction of the Court of Appeals, Southern District. *See* § 477.060. Both Claimant and Employer fail to cite statutory or case authority to support their arguments. Similarly, we find no authority to support either of those arguments.

■ Even so, the court of appeals must probe its jurisdiction *sua sponte,* especially when its jurisdiction is questioned. *Webb v. First Nat'l Bank & Trust Co. of Joplin,* 602 S.W.2d 780, 782 (Mo.App.1980). We find that this court does not have jurisdiction to hear this appeal, but for reasons different from those advanced by Claimant.

■ The right of appeal is purely statutory. *Shawnee Bend Special Rd. Dist. v. Camden County,* 839 S.W.2d 343, 347[3] (Mo.App. 1992). *See also* Rule 81.01. The statute governing appeal from an award by the Commission is § 287.495.1, enacted in 1980. The pertinent part of § 287.495.1 states:

"1. The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal the award to the appellate court having jurisdiction in the area in which the accident occurred or, if the accident occurred outside of this state, then in the area where the contract of employment was made."

We see that § 287.495.1 allows an aggrieved party to take a direct appeal from an award by the Commission to the "appellate court[s]" of this state in two instances, but not the third. Absent from § 287.495.1 is any provision for taking an appeal from a final award of the Commission where, as here, "principally localized" employment is the sole basis for its jurisdiction.

This anomaly has existed since 1974 when the General Assembly expanded coverage under Missouri's Act but failed to amend § 287.490, RSMo 1969, the then-existing appeal provisions of the Act. Accordingly, the Act was left without a provision for judicial review of a Commission award based solely on "principally localized" employment.[2]

2. In pertinent part, § 287.490, RSMo 1969 read: "1. The final award of the commission shall be

conclusive and binding unless either party to the dispute shall within thirty days from the date of

Responding to our request to brief the jurisdictional question posed by this case, Employer directs us to § 287.495.2 which reads: "2. The provisions of this section shall apply to all disputes based on claims arising on or after the [sic] August 13, 1980." Employer contends—correctly so—that this mandatory language clearly indicates legislative intent that all appeals from Commission decisions be taken directly to appellate courts after August 13, 1980.

However, the General Assembly did nothing to implement that intent when it enacted § 287.495.1 in 1980. In § 287.495.1, the General Assembly limited appeals from final Commission awards "to the appellate court having jurisdiction in the area where the accident occurred or, if the accident occurred outside of this state, then in the area where the contract of employment was made." As already noted, § 287.495.1 is devoid of language authorizing judicial review of an award based on a "principally localized" claim.

■ Moreover, the Act has no other provision authorizing judicial review of such a claim. Even so, Article V, § 18 of the Missouri Constitution (1945) provides that "[a]ll final decisions ... and orders of any administrative ... body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law...."

In order to comply with the constitutional mandate that all administrative decisions which affect private rights must be subject to judicial review, we look to § 536.100, the statutory provision providing judicial review when review by the courts is not provided for in another statute. In pertinent part, § 536.100 reads:

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other pro-

vision for judicial review is provided by statute...."

*See also* Rule 100.01.

As the law now exists, there is no other alternative; § 536.100 is the sole and exclusive statutory means by which workers' compensation litigants can obtain judicial review of Commission decisions on claims arising out of the "principally localized" prong of § 287.110.2.

Looking to § 536.100, we conclude that the statute governing judicial review in this case would be § 536.110:

"1. Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision. ...."

"3. The venue of such cases shall, at the option of the plaintiff, be in the circuit court of Cole County or in the county of the plaintiff or of one of the plaintiff's residence or if any plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office."

Since § 536.110 appears to be the only statutory means whereby Employer can obtain direct court review of the Commission's decision, its appeal had to be commenced by the filing of a petition in a circuit court as directed in § 536.110.3.

We do not ignore Employer's arguments that this court is authorized to review the Commission's decision because the initial hearing by the ALJ was held in Camden County, a county within the jurisdiction of the Southern District. Without citation of authority, Employer argues that "[i]t is, therefore, reasonable and logical that appeal is proper to the Court having appellate jurisdiction which corresponds to the site of the original hearing." We disagree.

As stated before, the right of appeal is purely statutory. *Shawnee Bend*, 839 S.W.2d at 347[3]. Section 287.495.1 is the

the final award appeal to the circuit court of the county in which the accident occurred, or if the accident occurred outside of this state, then in

the county where the contract of employment was made."

provision in the Act that deals with judicial review of Commission workers' compensation awards after August 13, 1980. The "venue" provisions of the Act, § 287.640.2 and § 287.640.3, have nothing to do with judicial review of Commission awards.[3] We reject Employer's arguments to the contrary.

 Finally, we note Employer's argument that if Camden County (where the original hearing was held) is not a county of proper "venue" under § 287.640.2, then the Commission's award would be void and the case should be reversed and remanded for a new hearing. To support this argument, Employer cites *Hoffman v. Sedlmayr Enterprises, Inc.*, 858 S.W.2d 814 (Mo.App.1993). What Employer ignores, however, is the teaching of *Hoffman* that in a workers' compensation case, as in other cases, "the fixing of venue confers a mere personal privilege which may be waived by the party entitled to assert it." *Id.* at 816[3]. We find Employer has clearly waived any objection to "venue" "by taking steps relating to the merits of the case before objecting to venue." *Id.* at 816[4].

This court cannot grant itself jurisdiction to hear this case. Only the General Assembly can take action to provide for the hearing location and direct appeal to the court of appeals for judicial review of an award in which "principally localized" employment is the sole basis for the Commission's jurisdiction.

Since this court is without jurisdiction, we are compelled to dismiss the appeal.

PARRISH, P.J., and MONTGOMERY, C.J., concur.

---

**3.** In pertinent part, § 287.640.2 provides: "Unless the parties otherwise agree, all *original hearings* shall be held in the county ... where the accident occurred, or in any county ... adjacent thereto ..., or if the accident occurred outside of the state, then the hearing shall be held in the county ... where the contract of employment was made." We note that § 287.640.2 gives no direction on where "original hearings" of "principally localized" claims are to be held. As to "[h]earings before the labor and industrial relations commission on review[,]" they "may be held at the place the commission determines, having due regard for the convenience of the parties." § 287.640.3.