David C. DALLY, Respondent,

v.

Susan F. BUTLER, Appellant.

No. 22299.

Missouri Court of Appeals,
Southern District,
Division One.

June 22, 1998.

L. Thomas Elliston, Webb City, for appellant.

Douglas K. Crandall, John J. Podleski, Crandall, Dally and Podleski, P.C., Carthage, for respondent.

CROW, Judge.

David C. Dally and Susan F. Butler each filed a timely declaration of candidacy for nomination by the Republican party for circuit judge, Judicial Circuit 29, Division Two, at the August 4, 1998, primary election. Judicial Circuit 29 consists of Jasper County alone. § 478.147.[1]

Dally[2] filed this suit March 31, 1998, in the Circuit Court of Jasper County, citing § 115.526. That section reads, in pertinent part:

"1. Any candidate for nomination to an office at a primary election may challenge the ... qualifications of any other candidate for nomination to the same office to seek or hold such office, or to have his name printed on the ballot, and any candidate for election to an office at a general or special election may challenge the ... qualifications of any other candidate for election to the same office to seek or hold such office or to have his name printed on the ballot. Except as provided in sections 115.563 to 115.573, challenges shall be made by filing a verified petition with the appropriate court as is provided for in case of a contest of election for such office in sections 115.527 to 115.601...."

Dally's petition pointed out that Mo. Const., Art. V, § 21 (1945, amended 1970 and 1976), provides that circuit judges shall have been, *inter alia,* "qualified voters of this state three years next preceding their selection." Dally's petition averred Butler did not possess that qualification.

The trial court heard evidence April 22, 1998. On May 4, 1998, Butler filed a motion praying the trial court to dismiss this suit "for the reason that the Circuit Court of Jasper County ... lacks jurisdiction in this case."

The trial court entered judgment May 5, 1998, accompanied by findings of fact and

---

1. References to statutes are to RSMo 1994 unless otherwise indicated.

2. For brevity and clarity, this opinion henceforth refers to the litigants by their respective surnames. No disrespect is intended.

conclusions of law. Regarding Butler's motion to dismiss, the trial court ruled:

"Section 115.575 ... cited by [Butler] as the controlling law, deals with general election[s], not, as we have in the instant case, primary elections. Any objection by [Butler] as to venue was waived. *Ottoman v. Ottoman* [sic], 764 S.W.2d 153 (Mo.App. W.D.1989)."

The trial court found Butler had been a resident of Jasper County at least eight months and perhaps as long as three years, but she did not register to vote in Jasper County until March 6, 1998. Consequently, the court concluded Butler did not meet the constitutional requirement that circuit judges be "qualified voters of this state three years next preceding their selection." Consistent with that conclusion, the trial court decreed that Butler's name be stricken from the ballot.

Butler appeals, presenting four assignments of error. The first reads:

"The trial court erred in overruling [Butler's] motion to dismiss for lack of jurisdiction and deciding this case because the trial court did not have jurisdiction in that section 115.526, RSMO 1994 requires this action to be brought 'by filing a verified petition with the appropriate court as is provided for in case of a contest of election for such office in sections 115.527 to 115.601'; section 115.575, RSMO.1994, as amended 1997, requires 'All contested elections for the office of circuit ... judge not subject to the provisions of article V, section 25 of the state constitution shall be filed in and heard and determined by an adjoining circuit court selected by the contestant'; this case concerns the office of a circuit judge not subject to the provisions of article V, section 25 of the state constitution, specifically a judge of the 29th Judicial Circuit; and this action was filed in the 29th Judicial Circuit, not in 'an adjoining circuit court selected by the contestant'."

Butler's first point requires us to interpret § 115.526.1 (quoted in pertinent part earlier in this opinion). The crucial provision in that statute is the sentence that reads: "Except as provided in sections 115.563 to 115.573, challenges shall be made by filing a verified petition with the appropriate court as is provided for in case of a contest of election for such office in sections 115.527 to 115.601."

The above-quoted sentence encompasses sections 115.527 to 115.601; however, sections 115.563 to 115.573 (which lie within the encompassed sections) are excepted. Thus, the answer to whether Dally filed his petition with "the appropriate court" must be found in sections 115.527 to 115.561 and 115.575 to 115.601 (the encompassed sections minus the excepted sections [3]).

The first section we must consider is § 115.529, which reads:

"Circuit courts shall have jurisdiction to hear and determine all primary election contests."

The second section we must consider is § 115.575.1, RSMo Cum.Supp.1997, which reads:

"All contested elections for the office of circuit or associate circuit judge not subject to the provisions of article V, section 25 of the state constitution shall be filed in and heard and determined by an adjoining circuit court selected by the contestant."

The "provisions of article V, section 25 of the state constitution," referred to in § 115.575.1 (above), establish a process for filling vacancies in certain Missouri courts. The process, characterized as "nonpartisan selection of judges," is constitutionally mandated when a vacancy occurs in the office of judge of the Supreme Court of Missouri, the Missouri Court of Appeals, "or in the office of circuit or associate circuit judge within the city of St. Louis and Jackson county." Mo. Const., Art. V, § 25(a). Although Mo. Const., Art. V, § 25(b) allows the qualified voters of any other judicial circuit to adopt the nonpartisan process for selecting circuit judges and associate circuit judges, we take judicial notice that the voters of Judicial Cir-

---

3. The excepted sections—sections 115.563 to 115.573—pertain to contested elections for state senator and state representative.

cuit 29 have not done so. Official Manual, State of Missouri 1997–1998, p. 192.

Butler maintains that inasmuch as vacancies in the office of circuit judge of Judicial Circuit 29 are not filled by the nonpartisan selection process, § 115.575.1 (quoted above) required Dally to file this suit in "an adjoining circuit court." Consequently, reasons Butler, the Circuit Court of Jasper County "had no jurisdiction" to hear and determine this suit.

Butler relies primarily on *Chowning v. Magness,* 792 S.W.2d 438 (Mo.App. S.D. 1990). There, a candidate for nomination for associate circuit judge of Taney County at the August 7, 1990, primary election filed a suit challenging the qualifications of another candidate for nomination for the same office. *Id.* at 439. This court's opinion noted the suit was tried in the Circuit Court of Webster County. *Id.*

Although there was no contention in *Chowning* that the contestant[4] filed his suit in the wrong court, this court took judicial notice that Taney County is part of Judicial Circuit 38, that Webster County is part of Judicial Circuit 30, and that Circuit 30 adjoins Circuit 38. *Id.* n. 3. This court cited § 115.575, RSMo 1986, without comment.[5] *Id.*

It is inferable from the two preceding paragraphs that this court in *Chowning* tacitly acknowledged that "the appropriate court" for a suit under § 115.526.1 by a primary election candidate for a judgeship not subject to the nonpartisan selection process is the court specified in § 115.575.1, *i.e.,* "an adjoining circuit court."

Dally's brief does not mention *Chowning.* Instead, Dally cites § 115.531, RSMo Cum. Supp.1997, which reads, in pertinent part:

"Not later than five days after the official announcement of the results of a primary election is issued by the election authority ... any candidate desiring to contest the primary election shall file a verified petition in the office of the clerk of the circuit court of any circuit in which part of the election was held and in which any alleged irregularity occurred."

Dally argues that the above-quoted statute is among the statutes pertinent to primary elections (Dally identifies those statutes as sections 115.527 through 115.551), while § 115.575.1, relied on by Butler, is among the statutes pertinent to general elections (Dally identifies those statutes as sections 115.553 through 115.601). Dally reminds us that § 115.529 (quoted earlier in this opinion) provides that circuit courts "shall have jurisdiction to hear and determine all primary election contests." Consequently, reasons Dally, § 115.529, read in conjunction with § 115.531 (quoted above), demonstrates that the Circuit Court of Jasper County is "the appropriate court" for this suit.

Superficially, Dally's hypothesis appears plausible. However, a close inspection of § 115.526.1 (the statute under which Dally brought this suit) reveals Dally's premise is faulty.

Section 115.526.1 (quoted at the outset of this opinion) allows a candidate for *nomination* to an office at a *primary* election to challenge the qualifications of another candidate for nomination to the same office; it also allows a candidate for *election* to an office at a *general* or *special* election to challenge the qualifications of another candidate for election to the same office. The statute specifies where such challenges shall be filed. As we have seen, the statute requires that except as provided in sections 115.563 to 115.573 (which pertain to contested elections for state senator and state representative), such challenges shall be filed "with the appropriate court as is provided for in case of a contest of election for such office in sections 115.527 to 115.601."

Section 115.526.1 makes no distinction between a challenge to the qualifications of a candidate for *nomination* to an office at a

---

**4.** Section 115.526.3 provides that the word "contestant" means the challenger, and the word "contestee" means the candidate whose qualifications are challenged.

**5.** The version of § 115.575.1 in RSMo 1986 is identical to the version of § 115.575.1 in RSMo Cum.Supp.1997 except the latter version (quoted earlier in this opinion) contains the words "filed in and," which did not appear in the earlier version.

*primary* election and a challenge to the qualifications of a candidate for *election* to an office at a *general* or *special* election. As explained in the final sentence of the preceding paragraph, § 115.526.1 unequivocally provides that except for sections 115.563 to 115.573 (inapplicable here), such challenges shall be filed "with the appropriate court as is provided for in case of a contest of *election* for such office in sections 115.527 to 115.601" (emphasis added).

Clearly, "the appropriate court" for a contest of *election* to the office of circuit judge not subject to the nonpartisan selection process is "an adjoining circuit court selected by the contestant." § 115.575.1.

We emphasize the instant suit is a challenge to a candidate's *qualifications*—a suit authorized by § 115.526.1. It is not a suit under § 115.531 (relied on by Dally) contesting the *results* of a primary election.

In the latter regard, at least one case indicates that an action to contest the *results* of a primary election where a party's nominee for circuit judge was chosen may be brought in the circuit court of one of the counties within that judicial circuit. *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo. App.1976). However, we note there was no issue in *Craig* about whether the action was filed in the right court. Because of a flaw in the summons, the appellate court held the trial court lost jurisdiction in the case. *Id.* at 338.

Be that as it may, nothing in § 115.526.1 suggests that a suit challenging the qualifications of a candidate for *nomination* to the office of circuit judge at a *primary* election is to be filed in a different court than a suit challenging the qualifications of a candidate for *election* to the office of circuit judge at a *general* or *special* election. Section 115.526.1 clearly provides that all such challenges shall be filed with the appropriate court "as is provided for in case of a contest of *election* for such office in sections 115.527 to 115.601" (emphasis added).

▮ We therefore hold "the appropriate court" for this suit—a challenge to Butler's qualifications for circuit judge under § 115.526.1—is the court specified in § 115.575.1, *i.e.,* "an adjoining circuit court selected by the contestant." It follows that Dally did not file this suit in "the appropriate court" as required by § 115.526.1.

Dally asserts that even if he should have filed this suit in "an adjoining circuit court" per § 115.575.1, Butler "waived venue by proceeding to trial on the merits without objection thereto." Dally cites *In re Marriage of Ottmann*, 764 S.W.2d 153 (Mo.App. W.D.1989), the case relied on by the trial court in ruling that any objection by Butler to "venue" was waived. *Ottmann* explicitly holds that a challenge to venue must be made at the first opportunity and will be waived by taking steps relating to the merits of the case before the objection to venue is presented. *Id.* at 154[2].

Had Dally's error in filing this suit in the Circuit Court of Jasper County been a mere venue error, *Ottmann* would apparently solve Dally's dilemma. However, as explained *infra*, the problem in the instant case is lack of jurisdiction, not simply improper venue.

▮ Normally, venue and jurisdiction are independent terms having separate and distinct meanings. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88[1] (Mo. banc 1983).[6] Venue means the place where a case is to be tried, while jurisdiction relates to the power of the court to hear and determine the case. *Id.* Said another way, venue refers to the situs in which a court of competent jurisdiction may adjudicate an action. *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59[1] (Mo. banc 1993).

▮ Mindful of the difference, we note that a candidate for nomination to public office has no inherent right to contest his opponent's nomination at a primary election. *State ex rel. and to Use of Conran v. Dun-*

*Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994).

---

**6.** A holding in *Sullenger* on a different issue was overruled by *State ex rel. DePaul Health Center v.*

*can,* 333 Mo. 673, 63 S.W.2d 135, 137[1] (banc 1933). Where statutes afford such right, they are controlling and exclusive. *Id.* at 138. One seeking relief under any such statute must bring himself strictly within its terms. *State ex rel. Conaway v. Consolidated School Dist. No. 4 of Iron County,* 417 S.W.2d 657, 659[4] (Mo. banc 1967). Inasmuch as statutes governing election contests are a code unto themselves, *id.* at 660[5], the jurisdiction of the trial court is confined strictly to the pertinent statutory provisions, hence the letter of the law is the limit of the court's power. *State ex rel. Bushmeyer v. Cahill,* 575 S.W.2d 229, 232[3] (Mo.App.1978).

Although *Collins & Associates Dietary Consultants, Inc. v. Labor and Industrial Relations Commission,* 724 S.W.2d 243 (Mo. banc 1987), did not involve a challenge by one candidate to the qualifications of another candidate for nomination at a primary election, it is helpful by analogy. There, a statute established the exclusive means to obtain judicial review of a decision of the Labor and Industrial Relations Commission in an employment security dispute. *Id.* at 244. Because of the circumstances there, the statute required that the petition for review be filed in the Circuit Court of Cole County. *Id.* The party seeking review filed a petition in the Circuit Court of Howell County. Upon discovering the error, the party seeking review moved for and obtained an order from that court transferring the case to the Circuit Court of Cole County. The latter court dismissed the case on the ground that the Circuit Court of Howell County "lacked jurisdiction to transfer venue." *Id.* Affirming that ruling, the Supreme Court of Missouri held:

> "Where a statute places the authority to judicially review an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction rather than venue is involved. A court which is not statutorily vested with review authority lacks subject matter jurisdiction. Where a court has no subject matter jurisdiction, its proceedings are absolutely void.

> The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause."

*Id.* at 244–45[4–6] (citations omitted).

A similar result was reached in *Pool v. Director of Revenue,* 824 S.W.2d 515 (Mo. App. W.D.1992). There, a driver was arrested and his driver's license was suspended. *Id.* at 516. The suspension was upheld after an administrative hearing. *Id.* A statute authorized the driver to obtain judicial review of the decision by filing a petition in the circuit court of the county where the arrest occurred. *Id.* The driver filed a petition in the circuit court of a different county. That court subsequently transferred the case to the circuit court of the proper county. *Id.* The latter court ultimately reinstated the driver's license. *Id.*

The appellate court vacated the judgment and remanded the case to the trial court with directions to dismiss the action. *Id.* at 517. The appellate court held the court where the driver filed his petition never acquired subject matter jurisdiction, hence the purported transfer to the proper court was "unauthorized and void." *Id.*

█ Although the instant suit is not an action for judicial review of an administrative decision, it is, like the proceedings in *Collins & Associates* and *Pool,* a proceeding authorized exclusively by a statute (§ 115.526.1) which specifies the court where such an action shall be filed. Applying the rationale of *Collins & Associates* and *Pool,* we hold that only "an adjoining circuit court" selected by Dally had subject matter jurisdiction to hear and determine this suit.

█ Subject matter jurisdiction cannot be conferred by consent or agreement of the parties, by appearance or answer, or by estoppel. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 72[3] (Mo. banc 1982). Lack of subject matter jurisdiction may be raised at any stage in the proceedings, even for the first time on appeal. *Id.* at [4].

Because the Circuit Court of Jasper County lacked subject matter jurisdiction of this suit, we vacate the judgment and remand

this case to that court with a directive to dismiss it.[7]  *Cf. Pool,* 824 S.W.2d at 517.

GARRISON, P.J., and PREWITT, J., concur.

**7.**  This disposition renders Butler's other three    assignments of error moot.